511 So.2d 435 (1987)
In the interest of T.S., a Child.
No. 86-2926.
District Court of Appeal of Florida, Second District.
August 14, 1987.
Thomas H. Ostrander of Law Offices of John D. Pettigrew, Palmetto, for appellants.
Robert A. Butterworth, Atty. Gen., and Walter M. Meginniss, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
THREADGILL, Judge.
Appellants, the parents of T.S., a sixteen year-old child, appeal the trial court's order granting T.S.' dependency petition based on *436 a finding of abuse. We reverse in part and affirm in part.
T.S. and her three biological brothers and sisters, "special needs children" as defined by section 409.166, Florida Statutes (1985), were placed in appellants' home on April 4, 1980, for adoption. On August 18, 1986, T.S. filed a petition for dependency alleging that she had been physically and emotionally abused by her parents. At the same time, appellants filed a dependency petition alleging that T.S. was a runaway and ungovernable. On September 12, 1986, a hearing was held on both petitions. The court adjudicated T.S. dependent based on findings of both abuse and ungovernability and granted both petitions. The trial court also ordered appellants and T.S. to obtain psychological counseling and required appellants to pay for the psychological counseling. T.S. was then removed from the custody of her parents and placed in a foster home. After appellants' motions for rehearing and for relief from judgment were denied, this appeal ensued.
Appellants raise three points on appeal: first, that the evidence was insufficient to establish child abuse as defined by section 39.01(2), Florida Statutes (1985); second, that the order of adjudication of dependency on the grounds of abuse was in violation of section 39.409, subsections (2) and (3), Florida Statutes (1985), and Florida Rule of Juvenile Procedure 8.780(i), for failure to make findings of fact; and, third, that the court abused its discretion in ordering appellants to pay for psychological counseling. Appellants do not challenge the trial court's order granting their petition for dependency on the basis of ungovernability.
We have examined the record and find that there was not sufficient evidence to establish that T.S. was abused by her parents as defined by section 39.01(2), which defines abuse as "any willful act that results in any physical, mental or sexual injury that causes or is likely to cause the child's physical, mental or emotional health to be significantly impaired." (Emphasis added). There was no testimony from any witness, including the psychologist, that the slap on T.S.'s face by her mother, the only evidence of physical abuse, significantly impaired T.S. either emotionally or physically. The same is true of the father's disparaging statements to T.S. or of any other act of the parents. See In the Interest of G.D.H. and A.J.S., 498 So.2d 676 (Fla. 1st DCA 1986). Accordingly, we reverse the trial court's order granting the petition for dependency on the grounds of abuse, but affirm the order granting the petition for dependency on the basis of ungovernability.
Because we reverse the order granting the petition for dependency on the grounds of abuse, we need not address appellants' second point.
With regard to appellants' third point that the court abused its discretion in ordering the parents to pay for psychological counseling, we find no abuse of discretion. Section 39.41, Florida Statutes (1985), entitled "Powers of Disposition" applies once a child is determined to be dependent, as T.S. is here. Subsection (1)(g) authorizes the trial court to order adoptive parents of children placed in temporary custody to pay for care, support, maintenance and education of the child. In addition, pursuant to section 39.41(6) a court may order the parents to participate in counseling. Furthermore, section 39.407(1)(b), Florida Statutes (1985), grants to the trial court the authority to order a child determined to be dependent to receive mental health services from a psychologist. Although neither section 39.41 nor section 39.407 expressly authorizes the court to require parents of a dependent child to pay for psychological counseling, we conclude that these sections construed together empower the trial court to order appellants to pay for counseling.
Appellants further contend that it is unjust to require the parents to pay for counseling in light of the fact that T.S. is a "special needs child" as defined in section 409.166. While section 409.166(4)(a)1., the subsidy provision, provides that HRS may subsidize the adoptive parents of such children for costs of support and maintenance, no provision of section 409.166 absolves *437 adoptive parents of the financial responsibility incurred in the care of special needs children. Therefore, we affirm the trial court's order requiring appellants to pay for counseling. We note, however, that appellants may seek subsidies for the costs of psychological counseling of T.S. pursuant to section 409.166(4)(a)2., which authorizes HRS to pay subsidies for medical care needed as a result of a physical or mental condition of the child which existed prior to adoption. Subsidies under this section may be initiated at anytime prior to T.S.' eighteenth birthday. § 409.166(4)(a)2., Fla. Stat. (1985).
We reverse the order granting the petition on the grounds of abuse, but affirm the order in all other respects.
Reversed in part, affirmed in part.
SCHOONOVER, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.