534 So.2d 905 (1988)
In the Interest of W.P., a Child.
No. 88-808.
District Court of Appeal of Florida, Second District.
December 9, 1988.
Robert C. Miller, Bradenton, for appellants.
Dept. of Health and Rehabilitative Services, Legal Div., for appellee.
PARKER, Judge.
The parents of W.P. appeal the trial court's order adjudicating W.P. to be a dependent child. We reverse.
The Department of Health and Rehabilitative Services (HRS) filed a petition for dependency on behalf of W.P., alleging that W.P. was an abused child. The petition specifically alleged that W.P.'s father slapped the daughter on the side of the face with his hand and that the mother pulled W.P.'s hair. The trial court, finding physical abuse, entered an order of dependency requiring protective service supervision by HRS.
HRS is required to establish the status of dependency, as alleged in its petition, by the preponderance of the evidence. § 39.408(2)(b), Fla. Stat. (1985). We have examined the record and find insufficient evidence to establish that W.P.'s parents "abused" her, as that term is defined in section 39.01(2), Florida Statutes (1985). Abuse is defined in the statute as "any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." Here, the facts adduced at the adjudicatory hearing are undisputed. The father admitted slapping W.P. on the side of her face with his open hand when W.P. used vulgar language toward her mother. Then W.P. pushed her father against the wall which caused the mother to pull W.P.'s hair. The father's hand left a mark on W.P.'s face; however, she required no medical attention. Further, there was no testimony from any witness that the slap or hair pulling significantly impaired W.P.'s physical, mental, or emotional health. Accordingly, the trial court's order granting the petition for dependency on the ground of abuse must be reversed. See In the Interest of T.S., 511 So.2d 435 (Fla. 2d DCA 1987).
REVERSED.
FRANK, A.C.J., and THREADGILL, J., concur.