581 So.2d 234 (1991)
In the Interest of S.W., E.J. and L.M., Children.
No. 89-2962.
District Court of Appeal of Florida, Fourth District.
June 12, 1991.
*235 Kayo E. Morgan, Fort Lauderdale, for appellants.
Patricia B. Wright, Fort Lauderdale, for appellee.
PER CURIAM.
A mother appeals an order adjudicating her three children dependent, the dependency order having been based on a finding of abuse pursuant to section 39.01(2), Florida Statutes (1991). We reverse.
The dependency petition was based on one incident of alleged abuse. The evidence showed that on one day the mother repeatedly hit one of her children with a belt. Later that same day the child was taken to a Child Protection Team doctor under contract with H.R.S. The doctor found evidence of recent bruises, including some to the face. The injuries were consistent with belt marks. However, the marks on the face could also have been consistent with a fall which the mother said the child suffered while running away from the mother after the incident. No treatment was required of any of the injuries. The trial court's findings stated that the mother struck the child with a belt causing injury and that the two other children were at risk due to the physical abuse of their sibling. On that basis he adjudicated all three children dependent.
We reverse because the evidence is simply insufficient to support a finding of abuse. See In the Interest of C.C., 556 So.2d 416 (Fla. 1st DCA 1989); In the Interest of W.P., 534 So.2d 905 (Fla. 1st DCA 1988); In the Interest of T.S., 511 So.2d 435 (Fla. 2d DCA 1984). Under the statute "abuse means any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired". § 39.01(2), Fla. Stat. (1991) (emphasis added). There was no evidence of significant impairment to the child caused by the belt incident. No treatment was necessary for the injuries, and no one testified that the child was in any way emotionally impaired by the incident. Further, there was absolutely no evidence presented that the other two children were "at risk."
According to the mother's testimony[1], she explained that on the date of the incident she awoke to find her one child trying to feed her younger child a mixture of bleach and baby oil. She got out the belt to spank her daughter for this behavior. Although her reaction may have been excessive, any parent would get excited and agitated to find one of their children placed in imminent life threatening danger by the deliberate act of another child. Thus, we do not condone her reaction, but, on the other hand, it is not sufficient to warrant a finding of dependency in this case.
Reversed and remanded for entry of an order of dismissal of the petition.
ANSTEAD, WARNER and FARMER, JJ., concur.
NOTES
[1] Her testimony was stricken because of obstructive tactics by her attorney. We believe that was error and too harsh a sanction when it amounted to striking appellant's defense against the loss of her children. See First Republic Corp. of America v. Hayes, 431 So.2d 624 (Fla. 3d DCA 1983).