COBB, Judge.
F.G. was employed by the Department of Health and Rehabilitative Services (hereinafter “HRS”) as a youth resident coordinator at Great Oaks Village. J.C. was a minor resident at the facility under the supervision of F.G. An altercation between the two occurred, and J.C. threw items at F.G. and threatened him with a metal baseball bat. J.C. claimed that F.G. then slapped him in the face, although there was no consequent bruise or injury found on J.C.’s face and he required no medical attention. Nevertheless, HRS placed F.G. on the state abuse registry as a confirmed perpetrator of child abuse. F.G.’s efforts to have his name expunged from that registry through the administrative channels of HRS were to no avail, and this appeal ensued.
Common sense and ease law require reversal of the HRS order denying expunction. See Department of Health & Rehabilitative Services v. A.S., 648 So.2d 128 (Fla.1995); In Interest of W.P., 534 So.2d 905 (Fla. 2d DCA 1988); In Interest of T.S., 511 So.2d 435 (Fla. 2d DCA 1987). The administrative hearing officer’s finding that F.G.’s action constituted excessive corporal punishment as defined by section 415.503(3), Florida Statutes (1993), is simply not supported by substantial evidence. Typical of the hearing officer’s inverted reasoning is illustrated by the following wherein F.G. was blamed for, among other things, having been struck by J.C.:
41. Respondent caused mental injury to J.C. ..., J.C. suffered a discernable and substantial impairment in his ability to *504 function within his normal range of performance and behavior.
******
43. Long after J.C. told the other coordinators what happened, J.C. hit respondent ... because he was “mad” ... Thus, J.C.’s impaired ability to function within his normal range of performance further manifested itself in inappropriate behavior.
******
53. When Respondent slapped J.C., Respondent reinforced J.C.’s distrust and fear that his environment was an abusive and threatening one. Respondent impaired the relationship that is essential to rehabilitation of J.C.’s ability to function normally. Respondent diminished J.C.’s already limited ability to trust, to develop rapport, and to increase his understanding. Respondent impaired J.C.’s ability to express and understand his feelings.
77. The acts committed by Respondent resulted in an injury to J.C.’s intellectual or psychological capacity. J.C.’s ability to function within his normal range of performance and behavior was impaired. Section 415.503(11).
78. J.C.’s impaired ability to function normally was substantial in degree and duration. It was discernible through J.C.’s dysfunctional behavior. J.C. was out of control, crying, angry, and physically abusive toward Respondent.
It seems to us that if any name should be inscribed on an abuse registry, it should be that of J.C. himself. Accordingly, we reverse the order herein appealed and remand with instructions to HRS to expunge F.G.’s name from the child abuse registry.
REVERSED AND REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.