717 So.2d 607 (1998)
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
M.B. and L.B., Appellees.
No. 98-1261.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Crystal Y. Yates-Hammond, and Glenn Sneider, Fort Pierce, for appellant.
Stuart A. Webb, Fort Pierce, for appellees.
PER CURIAM.
We affirm a trial court order that denied the department's petition for dependency. The court found, after an evidentiary hearing, that Appellees' children are not dependent. The order directed that the children, who had been removed from their home on a shelter petition, be returned to Appellees.
The department asserts that the trial court recognized by its findings that the state had proved neglect concerning the children's exposure to Appellees' verbal fighting and yelling, coupled with the father's drinking. There was also some evidence of a prior incident at some time in the past in which the mother had gone to a domestic violence shelter. The trial court order does recognize that the children were at risk of emotional harm as a result of witnessing the verbal altercations, which were caused by stress in *608 the home.[1] Notwithstanding the foregoing findings, the trial court concluded that the children have not been significantly impaired by the verbal domestic violence or alcohol abuse. Although the department had received abuse or neglect reports in the past, all of their home investigations gave no indication that the children were either abused or neglected other than as incident to witnessing Appellees arguing. There was no direct evidence that the father was physically abusing the mother and there was testimony to the contrary. The court also found that the father's drinking did not impair his ability to care for the children. Evidence was also presented that was favorable to Appellees presented as to their relationship with the children.
The department asserts that the trial court's recognition that the children were at risk of emotional harm is equivalent to a dependency finding under section 39.01(36), Florida Statutes, which defines neglect, as a basis for dependency, as
"Neglect" occurs when the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the person primarily responsible for the child's welfare deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired....
We note, with respect to the finding that there was no significant impairment, that in Interest of S.W., E.J. and L. M., 581 So.2d 234 (Fla. 4th DCA 1991), in reversing the imposition of a dependency order, this court found that evidence of a mother's repeatedly striking a child with a belt was, without more, insufficient for a finding of significant impairment. There, we said:
We reverse because the evidence is simply insufficient to support a finding of abuse.... Under the statute "abuse means any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2), Fla. Stat. (1991) (emphasis added). There was no evidence of significant impairment to the child caused by the belt incident. No treatment was necessary for the injuries, and no one testified that the child was in any way emotionally impaired by the incident. Further, there was absolutely no evidence presented that the other two children were "at risk."
Also cf. K.H. v. State, Dep't of Health & Rehabilitative Servs., 527 So.2d 230, 232 (Fla. 1st DCA 1988).
We need not resolve here whether the department's evidence might support a conclusion of dependency. It is sufficient that we cannot say that the court's finding adverse to the department constitutes an abuse of discretion.
STONE, C.J., and DELL and KLEIN, JJ., concur.
NOTES
[1] The arguments, drinking, and stress are traceable to the death of one of Appellees' children several months earlier caused by an unsafe hand made crib. The department does not contend that the child died as the result of abuse or that the death of that child is, in and of itself, a basis for removing these children from the home.