927 So.2d 104 (2006)
T.G. and W.G., Parents of T.W., T.G., T.G., T.G., T.G., Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D05-5067.
District Court of Appeal of Florida, First District.
April 18, 2006.
*105 Patricia L. Parker of Parker & Dufresne, P.A., Jacksonville, for Appellants.
David F. Elder, Assistant General Counsel, Department of Children and Families, Jacksonville, for Appellee.
KAHN, C.J.
Appellants challenge the circuit court's adjudications of dependency of their five children. "A court's final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record." In re M.F., 770 So.2d 1189, 1192 (Fla.2000). As we find the orders adjudicating the children dependent are not supported by competent substantial evidence, we reverse.
The government's removal of a child from the parents should be a method of last resort. See § 39.001(1)(a)-(b), Fla. Stat. (2005); M.F., 770 So.2d at 1192 ("The severing of the parent-child bond  even temporarily  is a refuge of last resort for the child."). The trial judge made numerous factual findings in his orders. When viewed in the totality of the circumstances, however, these findings fall well short of what the courts of this state consider sufficient to support a dependency adjudication. We consider each factor in turn.
*106 The circuit judge initially relied upon a single instance of corporal discipline meted out by the mother to one of the five children. The language of the Florida Juvenile Justice Act makes clear that corporal discipline, by itself, does not constitute abuse:
Corporal discipline of a child by a parent or legal custodian for disciplinary purposes does not in itself constitute abuse when it does not result in harm to the child.
§ 39.01(2), Fla. Stat. (2005); see M.F., 770 So.2d at 1192 (explaining purposes of Florida Juvenile Justice Act); A.A. v. Dep't of Children & Families, 908 So.2d 585, 587 (Fla. 5th DCA 2005) ("Long ago, the Florida courts recognized the common law principle, which remains with us to the present day, that parents may administer corporal discipline to their children; provided, however, that the discipline is reasonable."). To constitute abuse, corporal discipline must be "[i]nappropriate or excessively harsh" and likely to result in physical, mental, or emotional injury. § 39.01(30)(a)4., Fla. Stat. (2005). Although corporal discipline may be considered excessive when it results in "[s]ignificant bruises or welts," see section 39.01(30)(a)4.k., the courts of this state have consistently found that bruises are not necessarily indicative of excessive corporal discipline. Compare S.L. v. Dep't of Children & Families, 787 So.2d 973, 974 (Fla. 5th DCA 2001) ("Most corporal punishment, even that which is not excessive, produces temporary marks of some kind.") and J.C. v. Dep't of Children & Families, 773 So.2d 1220 (Fla. 4th DCA 2000) (finding father's routine spanking of his oldest child with a belt, which on one occasion caused a bruise on the child's buttocks, did not qualify as excessive corporal discipline because the bruises were insignificant, did not constitute temporary disfigurement, and did not put the child at risk of imminent abuse or cause the child to suffer significant mental impairment), and In re W.P., 534 So.2d 905 (Fla. 2d DCA 1988) (finding evidence that father slapped his child on the face and left a mark insufficient to support a finding of dependency because the mark did not require medical attention), with O.S. v. Dep't of Children & Families, 821 So.2d 1145, 1148 (Fla. 4th DCA 2002) (finding mother's paddling of daughter excessive as it left bruises over majority of daughter's buttocks, legs, and neck, some of the bruises persisted for more than six weeks, and evidence of daughter's self-mutilation showed mental injury resulted from abuse).
Here, although evidence indicated the child had a bruise, the Department produced no evidence that the bruise required medical attention. Nor is there evidence that the bruise was significant. The circuit court does not explain how this instance of corporal discipline was "excessively harsh" nor does it suggest the child's physical, mental, or emotional health was significantly impaired. Furthermore, if this one instance did rise to the level of abuse, one act of abuse on a child is not sufficient evidence showing that appellants' other children were at substantial risk of imminent abuse. See M.F., 770 So.2d at 1193-94; V.S. v. Dep't of Children & Families, 820 So.2d 1077 (Fla. 1st DCA 2002). Considering this allegation of abuse in a light most favorable to the Department, we do not find sufficient evidence. We decline to indulge a presumption that the discipline that caused the bruise, if it did indeed cause the bruise, exceeded proper corporal discipline and entered the realm of abuse.
The circuit court next cited the father's past drug use. Harm to a child's health can occur when any person "[e]xposes a child to a controlled substance or alcohol." § 39.01(30)(g), Fla. Stat. (2005). A parent's *107 use of controlled substances is harmful to a child if it is "chronic and severe" and the child is "demonstrably adversely affected" by the use. § 39.01(30)(g)2., Fla. Stat. (2005); see P.C. v. Dep't of Children & Family Servs., 898 So.2d 195, 198 (Fla. 2d DCA 2005) (finding evidence of cocaine use did not rise to the level required by section 39.01(30)(g)2., to justify a finding of dependency); B.C. v. Dep't of Children & Families, 846 So.2d 1273, 1275 (Fla. 4th DCA 2003) (concluding father's alcohol and drug addictions did not support dependency adjudication where evidence failed to show child suffered adverse consequences); see also J.B.M. v. Dep't of Children & Families, 870 So.2d 946, 951 (Fla. 1st DCA 2004) (requiring evidence that a parent's addiction to alcohol or drugs actually affects the parent's ability to care for the child in order to sustain a finding of dependency); C.C. v. Dep't of Children & Family Servs., 812 So.2d 520, 523 (Fla. 1st DCA 2002) (finding substance abuse alone does not establish prospective neglect).
Here, the Department and the trial judge made much of the father's prior, limited drug use. The father failed one drug test in 2004. No evidence indicates the father was addicted to either cocaine or marijuana. Moreover, no evidence shows that any of the children were harmed as a result of the father's past drug use. In fact, the father admitted smoking a marijuana cigarette  which led to his failed drug test  at a party outside of the family home. Accordingly, the lone positive drug test of the father does not constitute competent substantial evidence to support a finding of dependency.
Next, the circuit court, in support of its dependency adjudications, considered the family's prior Voluntary Protective Services Agreement ("VPS") with the Department. In 2004, the family rushed one its children to the hospital after the child consumed part of a drink containing alcohol. The Department investigated the alcohol exposure. Apparently, the father left a juice and alcohol drink unattended for a moment and the child drank from it. The Department does not allege, nor is there any reason to believe, the father gave the young child the alcohol purposely. See § 39.01(30)(a)2., Fla. Stat. (2005) (requiring the giving of alcohol to a child be purposeful in order for such conduct to be considered harmful to the child). The evidence simply suggests the father was having a drink, left the drink for a moment, and the drink was consumed by the child without the father's knowledge. Although this episode may reflect upon the father's carelessness at that particular moment, it does not impute any harmful intent on the father. The Department discharged the VPS in March 2005.
The circuit court listed other factors that led to its adjudications of dependency. Most of these factors come directly from the Department's petitions. No evidence, however, appears to establish any substance behind these additional allegations.
The State of Florida does not demand perfection from its families. Instead, the State demands that children be protected from abuse and from the substantial risk of imminent abuse. See § 39.001, Fla. Stat. (2005) (listing purposes of chapter 39). The totality of the circumstances presented in the current proceeding fails to provide competent substantial evidence to support the adjudications of dependency. The evidence fails to establish that the one instance of corporal discipline constituted abuse. Likewise, the evidence does not support a finding that the father is addicted to controlled substances or that his previous use affected the children. The prior VPS resulted from an accident and was discharged by the Department. When viewed from the totality of the circumstances, *108 the circuit court's findings are insufficient to support the dependency adjudications and subsequent removal of the five children from their parents. Accordingly, we REVERSE the adjudications of dependency.
LEWIS and POLSTON, JJ., concur.