PER CURIAM.
S.M. appeals a final judgment of dependency of her two children. We reverse, finding that the orders are not supported by substantial competent evidence. T.G. v. Dep’t. of Children & Families, 927 So.2d 104 (Fla. 1st DCA 2006).
At best, the record in this case demonstrates a single incident of corporal discipline, as testified to by the child. Section 39.01(30)(a)4, Florida Statutes (2005), states that corporal discipline may be considered excessive or abusive when it results in a physical injury, including “temporary disfigurement” or “[significant bruises or welts.” Here, there was no evidence that the child had bruises of such significance or that he had any temporary disfigurement. The trial court did not make any finding to this effect. See J.C. v. Dep’t. of Children & Families, 773 So.2d 1220 (Fla. 4th DCA 2000). Reasonable corporal discipline of a child by a parent or legal custodian for disciplinary purposes is not in itself abusive under the statute when it does not result in harm to the child. § 39.01(2), Fla. Stat. (2005); L.M.C. v. Dep’t. of Children & Family Services, 934 So.2d 623 (Fla. 2d DCA 2006); T.G., 927 So.2d at 106; A.A. v. Dep’t. of Children & Families, 908 So.2d 585 (Fla. 5th *1172 DCA 2005). The marks on one child’s body were, as admitted by the child’s un-contradicted testimony, inflicted in accidents, or by a cousin. There is no evidence in the record at all as to any abuse of the other child. Neither child required medical attention nor is there evidence that the children are likely to be harmed. J.C. Hence, there is no evidence to support the judgment in this case.
Reversed and remanded.