IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

L.M., MOTHER OF N.M. AND G.M.,
CHILDREN,

      Appellant,

 v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Appellee.
_____/

Case No.  5D21-2573
LT Case No. 2021-DP-28

Opinion filed April 28, 2022

Appeal from the Circuit Court
for Hernando County,
Stephen E. Toner, Jr., Judge.

Kari Jorma Myllynen, The Law Offices
of K.J. Myllynen, Esq., Land O' Lakes,
for Appellant.

Rachel Batten, of Children's Legal
Services, Brooksville, for Appellee,
Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide
Director of Appeals, and Samantha C.
Valley, Senior Attorney, of Guardian ad
Litem, Tallahassee, for Guardian ad
Litem Program.

SASSO, J.

L.M., mother of N.M. and G.M. ("Mother"), appeals the trial court's order adjudicating the children dependent, contending the evidence was legally insufficient to support the trial court's determination. Mother also appeals the post-dependency order denying her request for a home study.

This appeal arises out a petition for dependency filed by the Department of Children and Families ("the Department") on March 12, 2021, wherein the Department alleged N.M. and G.M. should be adjudicated dependent because Mother abused, abandoned, or neglected the children: (1) by engaging in impulsive and violent behavior that displays a wanton disregard for the presence of the children and could reasonably result in serious injury to the children, and (2) due to an extensive history of substance abuse to the extent that Mother's ability to provide supervision and care for the children is likely to be severely compromised. We agree with Mother that the evidence is legally insufficient to support an adjudication of dependency on both grounds.[1]

While we afford deference to the trial court's resolution of the conflicting evidence in this case, we conclude that even still, the evidence presented was legally insufficient to support a finding of dependency based

---

[1] We have considered alternative bases for affirmance under the tipsy coachman doctrine, but our review is limited in this respect due to the lack of factual findings.

on either abuse or neglect based on controlled substance abuse. *See, e.g.*, *S.S. v. Dep't of Child. & Fams.*, 81 So. 3d 618, 622 (Fla. 1st DCA 2012) (evidence did not support determination of dependency based on prospective abuse or neglect where no one testified that the children were poorly cared for, or that either child suffered physical, mental, or emotional harm because of the mother's alcohol and drug use); *In re T.B.*, 939 So. 2d 1192, 1194–95 (Fla. 2d DCA 2006) (holding that trial court's finding that mother had "no stable place to live" was legally insufficient to support dependency when there was no evidence that the residential changes caused the child to be deprived of food, clothing, shelter, or medical treatment or that the child's environment had caused her health to be significantly impaired); *In Interest of R.H.*, 516 So. 2d 324, 325–26 (Fla. 2d DCA 1987) (holding that the children's out-of-court statements to police officer that they had not eaten all day, and mother's statement that she was residing at nonexistent address, were insufficient to support trial court's finding of neglect, where the children were not unsupervised and medical examination revealed nothing abnormal about physical condition).

Similarly, we conclude the evidence is legally insufficient to support an adjudication of dependency based on violent behavior. *See, e.g., T.G. v. Dep't of Child. & Fams.*, 927 So. 2d 104, 106 (Fla. 1st DCA 2006) (evidence

3

of mother's corporal discipline causing a bruise was insufficient to support dependency determination where the Department produced no evidence that the bruise required medical attention or evidence that the bruise was significant); *J.C. v. Dep't of Child. & Fams.*, 773 So. 2d 1220, 1221–22 (Fla. 4th DCA 2000) (finding father's routine spanking of his oldest child with a belt, which on one occasion caused a bruise on the child's buttocks, did not qualify as excessive corporal discipline because the bruises were insignificant, did not constitute temporary disfigurement, and did not put the child at risk of imminent abuse or cause the child to suffer significant mental impairment); *In Interest of W.P.*, 534 So. 2d 905, 905 (Fla. 2d DCA 1988) (holding evidence that father slapped the child on side of face with open hand and mother pulled the child's hair was insufficient to establish that parents "abused" the child; the child required no medical attention, and there was no testimony from any witness that slap or hair pulling significantly impaired the child's physical, mental, or emotional health); *In Interest of G.D.H.*, 498 So. 2d 676, 677 (Fla. 1st DCA 1986) (holding testimony by the child that her mother had on occasion spanked her by hand and with a belt and that mother sometimes bruised her, and mother's testimony that she never punished the child without a reason was insufficient to show that the child was dependent based on abuse); *Kitchen v. Cerullo*, 299 So. 3d 436, 440–41 (Fla. 3d DCA

4

2019) ("By this legal standard, Cerullo was required to present evidence that the child was present or aware of the alleged domestic violence incident, and that such exposure resulted in injury or harm to the child.").

Because we conclude the evidence presented was legally insufficient to support an adjudication of dependency, we reverse the order of dependency as to Mother. We dismiss the portion of Mother's appeal relating to the denial of her request for a home study as the trial court's determination in that regard is not reviewable as a final or nonfinal order and Mother cannot establish irreparable harm necessary to invoke this court's jurisdiction for certiorari relief.

REVERSED, in part; DISMISSED, in part.

NARDELLA, J., concurs.
TRAVER, J., dissents without opinion.