WIGGINTON, Judge.
In this appeal, the mother challenges the trial court’s finding that her two children, C.C. and K.C., are legally dependent. We hold that there was insufficient evidence to support the trial court’s determination of dependency under Chapter 39.
In its “Order of Adjudication,” the trial court stated the following:
The Court having considered all the evidence adduced, finds that the child, [C.C.], was at the time the acts for which she is alleged to be dependent occurred, two (2) years of age, her date of birth being August 17, 1986, further, the Court finds that the child, [K.C.], was at the time the acts for which he is alleged to be dependent occurred, six (6) years of age, his date of birth being December 28, 1982. The Court further finds the following brief statement of facts to be true:
On February 14, 1989, the mother ... was observed by Health and Rehabilitative Services/Child Protection Team counselor, Faye Morrison, loudly and angrily scolding (described as “screaming”) her child, [C.C.]. The mother was also observed shaking the child by the shoulders; striking the child’s face; and striking the child’s legs. This incident took place on the east portico of the Santa *417 Rosa County Courthouse during regular business hours and was heard by Morrison as she left the Clerk’s Office in the center of the building. Due to the mother’s intense emotional display and excessive use of force, the Department of Health and Rehabilitative Services took the sibling, [K.C.], into custody as a “child at risk.”
At the dependency hearing, Faye Morrison testified that after observing the confrontation between the mother and C.C., she solicited the aid of a deputy sheriff to have the mother and child brought into a room in the courthouse to discuss the appropriateness of the mother’s behavior. Morrison made a determination at that point that the striking, shaking and intimidation constituted abuse to the child and therefore filed an abuse complaint with the Department. In the meantime, when she attempted to reason with the mother, the mother became irate and belligerent and continued to verbally threaten C.C., accusingly saying that it was the child’s fault for the trouble which had occurred. After a futile attempt to gain an assurance that C.C. would not be further “abused,” Morrison made the determination that the child could not safely be sent with the mother in her present state of mind. Morrison was impressed by the fact that C.C. climbed into Morrison’s lap and wrapped her arms and legs around her instead of going to her mother. After consulting with her supervisor, Morrison was informed that this family was currently being supervised by the Department for previous [undisclosed] incidents. The children were later released to the mother’s custody under HRS supervision.
Although we condemn the apparently uncontrolled and hysterical behavior exhibited by the mother in disciplining her two-year-old child in the instant'case, we must hold that the facts presented do not support a finding of dependency based upon abuse. Under Section 39.408(2)(b), Florida Statutes (1987), dependency must be established by a preponderance of the evidence. See In the Interest of G.D.H., 498 So.2d 676 (Fla. 1st DCA 1986); and In the Interest of L.T., 464 So.2d 201 (Fla. 5th DCA 1985). The statutory definition of abuse is found in section 39.01(2) and means “any willful act that results in any physical, mental, or sexual injury that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired.”
The Department based its allegations of abuse against C.C. solely on Morrison’s testimony. As to K.C., C.C.’s brother, the Department’s position was strictly that since the mother had been determined to be a threat to one child and her belligerence and attitude had not changed after the matter was under investigation, K.C. was also at risk. Notwithstanding the foregoing, there was no evidence suggesting that the mother’s conduct towards C.C. “significantly impaired” or was likely to significantly impair either C.C.’s or K.C.’s physical, mental or emotional health. While we are certainly not holding that the slapping and/or spanking of a child would never amount to evidence of dependency, we must conclude that the isolated incident recounted in the instant case, without more, was an insufficient predicate for the court’s finding. Accordingly, we reverse the trial court’s determination of dependency and remand for dismissal of each dependency petition.
REVERSED and REMANDED.
SHIVERS, C.J., and WENTWORTH, J., concur.