939 So.2d 74 (2006)
IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE (THREE YEAR CYCLE).
No. SC06-140.
Supreme Court of Florida.
September 21, 2006.
Mary Katherine Wimsett, Chair, Gainesville, Florida, Alan Abramowitz, Past-Chair, Orlando, Florida, Juvenile Court Rules Committee, John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida, for Petitioner.
Honorable Robert J. Jones, General Magistrate, Eleventh Judicial Circuit, Miami, Florida; Joyce Sibson Dove, Esquire, James V. Cook, Esquire, George Drumming, Esquire, Susan Barber, Esquire, Janet Schaffer, Esquire, Catherine Healey, Esquire, and Anne Marie Highsmith, Esquire, Members of the Parents Bar, Dependency Court, Second Judicial Circuit, Tallahassee, Florida; Honorable Scott M. Kenney, Circuit Judge, Nineteenth Judicial Circuit, Fort Pierce, Florida; Honorable George S. Reynolds, III, Circuit Judge, Second Judicial Circuit, Quincy, Florida, Honorable Nikki Ann Clark, Circuit Judge, Second Judicial Circuit, Honorable Thomas H. Bateman, Circuit Judge, Second Judicial Circuit, Honorable Jonathan Sjostrom, Circuit Judge, Second Judicial Circuit, Honorable Janet E. Ferris, Circuit Judge, Second Judicial Circuit, Honorable P. Kevin Davey, Circuit Judge, Second Judicial Circuit, Honorable Kathleen Dekker, Circuit Judge, Second Judicial Circuit, Honorable John E. Crusoe, Circuit Judge, Second Judicial Circuit, Honorable James C. Hankinson, Circuit Judge, Second Judicial Circuit, Honorable John C. Cooper, Circuit Judge, Second Judicial Circuit, Honorable Angela C. Dempsey, Circuit Judge, Second Judicial Circuit, and Honorable Terry P. Lewis, Circuit Judge, Second Judicial Circuit, Tallahassee, Florida; Honorable Thomas W. Lager, Magistrate, Second Judicial Circuit, Tallahassee, Florida; Beth Englander, Director, Office of Family Safety, Department of Children and Families; and Dennis Moore, General Counsel, Statewide Guardian ad Litem Office, Tallahassee, Florida, Opponents, responding with comments.
PER CURIAM.
The Juvenile Court Rules Committee (Committee) petitions this Court to consider amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c)(4).

BACKGROUND
The Committee, in its regular-cycle report, proposes amendments to Florida Rules of Juvenile Procedure 8.045 (Notice to Appear); 8.090 (Speedy Trial); 8.135 (Correction of Disposition or Commitment Orders); 8.210 (Parties and Participants); 8.257 (General Magistrates); 8.350 (Placement of Child Into Residential Treatment Center After Adjudication of Dependency); 8.515 (Providing Counsel to Parties); and 8.535 (Postdisposition Hearings) and forms 8.911 (Uniform Child Custody Jurisdiction and Enforcement Act Affidavit); 8.930 (Juvenile Notice to Appear); 8.964 (Dependency Petition); 8.966 (Adjudication Order-Dependency); 8.980 (Petition for Termination of Parental Rights Based on Voluntary Relinquishment); 8.981 (Petition for Involuntary Termination of Parental Rights); 8.983 (Adjudication Order and Judgment of Involuntary Termination of Parental Rights); and the adoption of new form 8.975 (Dependency Order Withholding Adjudication).
Prior to filing its report with the Court, the Committee published the proposed amendments in The Florida Bar News. It received one comment. After the Committee filed its report with the Court, the proposed amendments were again published in The Florida Bar News. The Court received seven comments. One of the seven was by the same commenter who responded to the first publication and raised the same issues as his comment to the Committee.
The Committee filed a response to the comments, reiterating its adherence to its original recommendations. According to the response, the Committee considered many of the issues raised by the comments during its deliberative process, but concluded the proposed amendments were needed.
After considering the comments and holding oral argument, we adopt most of the Committee's proposed amendments without change, adopt a few with minor modifications, and adopt the new form as proposed, as discussed below.

DISCUSSION
The great majority of the amendments proposed by the Committee received no comment. We adopt without change the proposed amendments to rules 8.045, 8.135, 8.210, 8.257, 8.350, 8.515, and 8.535 and forms 8.911, 8.930, 8.964, 8.966, 8.980, 8.981, 8.983.[1] We also adopt without change the proposed new form 8.975.
We adopt the proposed amendment to rule 8.090 (Speedy Trial) with minor modification. The Committee proposed amending subdivision (a)(2) of the rule to change the event that triggers the running of the speedy trial deadline. Currently, the time begins to run when the petition is filed. With the proposed amendment the time would begin to run on "[t]he date the summons issued on the filing of the petition was served." This will conform the rule to section 985.219, Florida Statutes (2005).
We agree the amendment is needed to conform the rule, but believe the suggested wording is potentially confusing. We reword it to read: "The date of service of the summons that is issued when the petition is filed" and adopt it as rewritten.
Other than a comment by the Guardian Ad Litem Office in support of the proposed amendment to rule 8.350 (Placement of Child Into Residential Treatment Center After Adjudication of Dependency), all of the comments received were addressed to the proposed amendments to rule 8.257 (General Magistrates). Accordingly, we address most of our remarks to these proposed amendments.
We adopt the proposed amendment to subdivision (f) of rule 8.257. The Committee proposed changing the word "serve" to the word "file" in the first sentence of that subdivision. This change will make subdivision (f) mirror the language in subdivision (e) that refers to the filing of exceptions within ten days. We are cognizant that the current wording of subdivision (f) matches the current wording of several other rules giving the parties ten days to "serve" exceptions to a magistrate's report. See Fla. Fam. L.R.P. 12.490(f), 12.492(g); Fla. R. Civ. P. 1.490(h); Fla. Prob. R. 5.697(f). We nevertheless find it more imperative for the rule to be internally consistent than for it to match other rules providing for the service of exceptions in other given cases.
Although we are sympathetic to the arguments raised by the commenters to the proposed amendment to subdivision (h) of rule 8.257, which would prohibit magistrates from conducting shelter hearings under section 39.402, Florida Statutes (2005), and adjudicatory hearings under sections 39.507 or 39.809, Florida Statutes (2005), we nevertheless conclude the proposed amendments are necessary and adopt them.[2] There is currently no meaningful opportunity for the child to object to a magistrate conducting a hearing under these provisions. Consequently, there is also no opportunity for the child to waive an objection to the referral. Without provision for such an opportunity in the rules, we believe these hearings must be conducted by an article V judge.[3]

CONCLUSION
We hereby adopt the amendments to the Florida Rules of Juvenile Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will become effective on January 1, 2007, at 12:01 a.m.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

APPENDIX
RULE 8.045. NOTICE TO APPEAR
(a)  (e) [No Change]
(f) Contents. A notice to appear shall contain the following information:
(1) The name and address of the child and the person to whom the child was released.
(2) The date of the offense(s).
(3) The offense(s) charged by statute and municipal ordinance, if applicable.
(4) The counts of each offense.
(5) The time and place where the child is to appear in court.
(6) The name and address of the trial court having jurisdiction to try the offense(s) charged.
(7) The name of the arresting officer or authorized agent of the department.
(8) The signatures of the child and the person to whom the child was released.
(g)  (h) [No Change]

Committee Notes
[No Change]
RULE 8.090. SPEEDY TRIAL
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filedof service of the summons that is issued when the petition is filed.
(b)  (m) [No Change]

Committee Notes
[No Change]
RULE 8.135. CORRECTION OF DISPOSITION OR COMMITMENT ORDERS
(a) [No Change]
(b) Motion to Correct Disposition or Commitment Error. A motion to correct any disposition or commitment order error, including an illegal disposition or commitment, may be filed as allowed by this subdivision. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the error would benefit the child or to correct a scrivener's error.
(1) Motion Before Appeal. During the time allowed for the filing of a notice of appeal, a child, the state, or the department may file a motion to correct a disposition or commitment order error.
(A) This motion stays rendition under Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold an initial hearing no later than 10 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set no more than 10 days from the date of the initial hearing. Within 30 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 30 days, the motion shall be deemed denied.
(2) Motion Pending Appeal. If an appeal is pending, a child or the state may file in the trial court a motion to correct a disposition or commitment order error. The motion may be filed by appellate counsel and must be served before the party's first brief is served. A notice of pending motion to correct disposition or commitment error shall be filed in the appellate court, which notice shall automatically extend the time for the filing of the brief, until 10 days after the clerk of the circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(e)(f)(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the movant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(b)(5)(d) . If the state is the movant, trial counsel will represent the child unless appellate counsel for the child notifies trial counsel and the trial court that appellate counsel will represent the child on the state's motion.
(B) The trial court shall resolve this motion in accordance with subdivision (b)(1)(B) of this rule.
(C) Under Florida Rule of Appellate Procedure 9.140(e)(f)(6), the clerk of the circuit court shall supplement the appellate record with the motion, the order, any amended disposition, and, if designated, a transcript of any additional portion of the proceedings.
RULE 8.210. PARTIES AND PARTICIPANTS
(a) [No Change]
(b) Participants. "Participant" means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or the legal custodian of the child, identified prospective parents, actual custodians of the child, grandparents entitled to priority for adoption considerationnotice of an adoption proceeding as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene and shall have no other rights of a party except as provided by law.
(c) [No Change]

Committee Notes
1991 Amendment. (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of "parties." Sections 39.405(4)(b) and 39.437(4)(b), Florida Statutes, require service of summons upon the "actual custodians." The result of the present rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
RULE 8.257. GENERAL MAGISTRATES
(a)  (e) [No Change]
(f) Exceptions. The parties may servefile exceptions to the report within 10 days from the time it is served on them. Any party may file cross-exceptions within 5 days from the service of the exceptions. However, the filing of cross-exceptions shall not delay the hearing on the exceptions unless good cause is shown. If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party or the court.
(g) [No Change]
(h) Prohibition on Magistrate Presiding over Certain Hearings. Notwithstanding the provisions of this rule, a general magistrate shall not preside over a shelter hearing under section 39.402, Florida Statutes, an adjudicatory hearing under section 39.507, Florida Statutes, or an adjudicatory hearing under section 39.809, Florida Statutes.
RULE 8.350. PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT CENTER AFTER ADJUDICATION OF DEPENDENCY
(a)  (c) [No Change]
(d) Standard of Proof. At the hearing, the court shall determine whether the evidence supporting involuntary commitment of a dependent child to a residential mental health treatment facility is clear and convincing.
RULE 8.515. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present, unless the parents have voluntarily executed a written surrender of the child and consent to the entry of a court order terminating parental rights.
(2) The court shall appoint counsel for indigent parents as provided by law. The court may appoint counsel for other parties as provided by law.
(3) The court shall ascertain whether the right to counsel is understood. If the right to counsel is waived by any parent the court shall ascertain if the right to counsel is knowingly and intelligently waived.
(4) The court shall enter its findings with respect to the appointment or waiver of counsel of indigent parents or the waiver of the right to have counsel present.
(5) Once counsel has been retained or appointed to represent a parent, the attorney shall continue to represent the parent throughout the proceedings or until the court has approved discontinuing the attorney-client relationship. If the attorney-client relationship is discontinued, the court shall advise the parent of the right to have new counsel retained or appointed for the remainder of the proceedings.
(b) [No Change]
RULE 8.535. POSTDISPOSITION HEARINGS
(a)  (c) [No Change]
(d) Withholding Consent to Adopt.
(1) When a petition for adoption and a favorable home study under section 39.812(5), Florida Statutes, have been filed and the department's consent has not been filed, the court shall conduct a hearing to determine if the department has unreasonably withheld consent.
(2) In reviewing whether the department unreasonably withheld its consent to adopt, the court shall determine whether the department abused its discretion by withholding consent to the adoption by the petitioner. In making this determination, the court shall consider all relevant information, including information obtained or otherwise used by the department in selecting the adoptive family, pursuant to Florida Administrative Code Chapter 65C.
(3) If the court determines that the department unreasonably withheld consent to adopt, and the petitioner has filed with the court a favorable home study as required by law, the court shall incorporate its findings into a written order with specific findings of fact as to how the department abused its discretion in withholding its consent to adopt, and the consent of the department shall be waived.
FORM 8.911. UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT AFFIDAVIT

UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT AFFIDAVIT
 1. In the past five years the child resided at the following
addresses with the following persons:
.....(dates)..... .....(address)....... .....(custodian).....
 .....(present address).....
.....(dates)..... .....(address)..... .....(custodian).....
 .....(present address).....
 2. Affiant .....has/has not..... participated as a party or
witness in other litigation concerning the custody of the
child in this or any other state. Specifically, the name of
the other case(s) and affiant's involvement were ....................
 3. Affiant .....does/does not..... have any information of
any custody proceeding concerning the child pending in this
or any other state. Specifically, the name of any other custody
case and the location of its court are ....................
 4. Affiant .....does/does not..... know of any person(s) who .....
is/is not..... a party to this proceeding and who has physical
custody of the child or claims to have custody or visitation
rights with respect to the child.
.....(name)..... .....(address).....
-------------------------------------------------------
 Affiant
 See Fla. Sup. Ct. App. Fam. L. Form 12.902(d).
FORM 8.930. JUVENILE NOTICE TO APPEAR
 JUVENILE NOTICE TO APPEAR
DATE .......... AGENCY ....................
CASE NO. ..........
PARENT, ADULT RELATIVE, LEGAL GUARDIAN .....(name).....
 I am the .....(relationship to child)..... of .....(child's
name)..... and promise to ensure that the child appears on .....(
date)..... at .....(time)..... at .....(location)..... to appear
in court. I also promise immediately to notify the office
of the state attorney at .....(telephone number)..... and the clerk
of the court at .....(telephone number)..... of any change in the
child's address.
 Signature of Parent/Adult Relative/Legal
 Guardian
 .....(address).....
 .....(telephone number).....
 .....(date).....
 .....(address and telephone number of child,
 if different).....
I, .....(child's name)....., understand that I have been charged with a law violation, .....(offense(s))....., and that I am being released at this time to the custody of .....(parent, adult relative, or legal guardian's name)......
I promise to appear on .....(date)..... at .....(time)..... at .....(location)..... to appear in court, and to appear as required for any additional conferences or appearances scheduled by DJJ or the court. I understand that my failure to appear shall result in a custody order being issued and that I will be picked up and taken to detention.
 ____________________________________
 Child's Signature
Date ....................
Arresting Officer ................
 ____________________________________
 Releasing officer or DJJ counselor
 authorizing release
DJJ Intake Telephone Number ....................
ATTACH TO ARREST AFFIDAVIT
FORM 8.964. DEPENDENCY PETITION

PETITION FOR DEPENDENCY
COMES NOW, Petitioner, .....(name)....., by and through undersigned counsel, and petitions this court to adjudicate the above-named minor child(ren) to be dependent within the meaning and intent of chapter 39, Florida Statutes. As grounds, petitioner alleges the following:
1. This court has jurisdiction over the minor child(ren), .....(name(s))....., a .....(gender)..... child, whose date(s) of birth is/are .........., and who, at the time the dependency arose, was/were in the custody of .....(name(s))......
2. The natural mother of the minor child(ren) is .....(name)....., a resident of .....(state)....., whose address is .....................
3. The father of the minor child(ren), .....(name(s))..... is .....(name)....., whose address is ....................................................................... The father ..... is ..... is not married to the mother, and ..... is ..... is not listed on the child(ren)'s birth certificate(s). The mother filed a Sworn Statement About Identity or Location of Father with this court on .....(date)....., which named ............................... as the father.
4. The UCCJAUCCJEA Affidavit ..... is attached ..... was filed with the Court on .....(date)..... and is incorporated by reference.
5. The child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother/father/parents/legal custodian/caregiver(s) abused, abandoned, or neglected the minor child(ren) on or about .....(date)....., by: ....................
and that these activities and environments cause the child(ren)'s physical, mental, or emotional health to be in danger of being significantly impaired.
OR
5. The above named child(ren) is/are presently under substantial risk or imminent threat of harm or abuse or neglect, within the meaning and intent of chapter 39, Florida Statutes, which is likely to cause the child(ren)'s physical health to be significantly impaired because ....................
6. The department is unable to ensure the protection of the minor child(ren) without judicial intervention.
7. The mother/father/parents has/have received the following services: .....................
8. A shelter hearing was held on .....(date)....., and the child(ren) was/were placed in the custody of .....................
9. An arraignment hearing
..... needs to be scheduled.
..... is scheduled for .....(date and time)......
10. A guardian ad litem
..... needs to be appointed.
..... was appointed at the shelter hearing to represent the child(ren).
11. Under chapter 39, Florida Statutes, the clerk of the court is required to issue a summons to the following parents or custodians:
The natural mother, .....(name)....., whose address is ....................
The natural father, .....(name)....., whose address is ....................
.....(Additional fathers and their addresses)......
WHEREFORE, the petitioner asks that process may issue in due course to bring the above-named parties before the court to be dealt with according to the law, to adjudicate the named minor child(ren) named to be dependent.
 ========================================
 .....(Petitioner's name).....
 ========================================
 .....(Attorney's name)...
 .....(address and telephone number).....
 ..... Florida Bar number.....
Verification
Certificate of service

NOTICE OF RIGHTS
PLEASE READ THIS PETITION BEFORE ENTERING THE COURTROOM.
YOU HAVE A RIGHT TO HAVE COUNSEL PRESENT AT THIS HEARING.
BY COPY OF THIS PETITION, THE PARENTS, CAREGIVERS, AND/OR LEGAL CUSTODIANS ARE NOTIFIED OF THEIR RIGHT TO HAVE LEGAL COUNSEL PRESENT FOR ANY PROCEEDING RESULTING FROM THIS PETITION OR TO REQUEST THE COURT TO HAVE COUNSEL APPOINTED, IF INDIGENT.
Further, these persons are informed of the following:
An arraignment is set on this matter for .....(date)....., at ..... a.m./p.m., at .....(location)......
The purpose of the arraignment is to advise as to the allegations contained in the Petition For Dependency. When your case is called, the Judge will ask you to enter a plea to this petition. The plea entered may be one of the following:
1. Admit: This means you admit that the petition states the truth and you do not want a trial.
2. Consent: This means you neither admit nor deny the petition, but do not want a trial.
(If you enter either of the above two pleas, the court will set a disposition date for the matter. At disposition, the court will decide where the child will stay and under what conditions).
3. Deny: This means you deny the allegations of the petition and wish the state to attempt to prove them at a trial.
4. Continue: This means you wish time to confer with an attorney, before entering a plea. If you enter this plea, the court will schedule another hearing in approximately 2 weeks. At that time, another arraignment hearing will be held, and you (or your attorney) must enter one of the above three pleas.
In accordance with the Americans With Disabilities Act persons needing a special accommodation to participate in this proceeding should contact the office of the Court Administrator as soon as possible, but no later than 7 days before the proceeding at .....(phone number)......
FORM 8.966. ADJUDICATION ORDER  DEPENDENCY

ORDER OF ADJUDICATION
THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .....(petitioner's name)....... Present before the court were
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of .....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name(s))....., Minor child(ren)
..... .....(Name)....., Attorney ad litem for minor child(ren)
..... .....(Name)....., Other ....................
The court having heard testimony and argument and being otherwise
fully advised in the premises finds:
 1. That the minor child(ren) who is/are the
subject matter of these proceedings, is/are dependent within
the meaning and intent of chapter 39, Florida Statutes, and
is/are (a) resident(s) of the State of Florida.
 2. The mother, .....(name).....:
 ..... was ..... was not noticed of this hearing;
 ..... did not appear, and the court:
 ..... entered a Consent by defaultfor failure to
appear after proper notice.
 ..... did not enter a Consent by defaultfor failure
to appear after proper notice.
 ..... appeared with counsel;
 ..... appeared without counsel and:
 ..... was ..... was not advised of her right to legal counsel,
 ..... knowingly, intelligently, and voluntarily .....
waived ..... did not waive her right to legal counsel and
 ..... was ..... was not determined to qualify as indigent and
 .... was ..... was not appointed an attorney.
 3. The father, .....(name).....:
 ..... was ..... was not noticed of this hearing;
 ..... did not appear, and the court:
 ..... entered a Consent by defaultfor failure to
appear after proper notice.
 ..... did not enter a Consent by defaultfor failure
to appear after proper notice.
 ..... appeared with counsel;
 ..... appeared without counsel and:
 ..... was ..... was not advised of his right to legal counsel,
 ..... knowingly, intelligently, and voluntarily waived ..... did not waive
his right to legal counsel and
 ..... was ..... was not determined to qualify as indigent and
 ..... was ..... was not appointed an attorney.
..... 4. That the child(ren) is/are dependent within
the meaning and intent of chapter 39, Florida Statutes, in
that the mother, ....(name)....., abused, neglected,
or abandoned the minor child(ren) by .................... These facts were proven
by ..... preponderance of the evidence ...... clear and convincing evidence.
..... 5. That the child(ren) is/are dependent within
the meaning and intent of chapter 39, Florida Statutes, in
that the father, .....(name)....., abused, neglected,
or abandoned the minor child(ren) by ..................... These facts were proven
by ..... preponderance of the evidence ...... clear and convincing evidence.
COMMENT: Use 6, 7, and 8 only if the child is in out-of-home
placement.
 6. That the Court finds that it is in the best interest of
the child(ren) to remain in out-of-home care.
 7. That every reasonable effort was made to eliminate the
need for placement of the child(ren) in out-of-home care but
the present circumstances of the child(ren) and the ..... mother .....
father are such that out-of-home care is the only way to ensure
the health, safety, and well being of the child(ren), in that ..............................
 8. That the child(ren)'s placement in .....(type of placement).....
is in a setting which is as family like and as close to the
home as possible, consistent with the child(ren)'s best interests
and special needs.
 9. That returning the minor child(ren) to the custody of .....(person
who had previous legal custody)..... would be contrary to
the best interest and welfare of the minor child(ren).
 THEREFORE, based upon the foregoing findings, it is ORDERED
AND ADJUDGED that:
 1. The minor child(ren), ......(name(s))....., is/are adjudicated
dependent.
 2. The child(ren) shall remain in the care and custody of
 ..... the department in shelter care
 ..... other .....(name).....
 pending disposition.
 3. This court shall retain jurisdiction over this cause to
enter any such further orders that may be deemed necessary
for the best interest and welfare of the minor child(ren).
 4. All prior orders not inconsistent with the present order
shall remain in full force and effect.
 5. Disposition is scheduled for .....(date)....., at ...... a.m./p.m.
 DONE AND ORDERED on .....date......
 ________________________________
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date)..... at ..... a.m./p.m., before .....( judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .....(telephone number)......
PLEASE BE GOVERNED ACCORDINGLY.
FORM 8.975. DEPENDENCY ORDER WITHHOLDING ADJUDICATION

ORDER OF ADJUDICATION
THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .....(petitioner's name)....... Present before the court were
..... .....(Name)....., Petitioner
..... .....(Name)....., Attorney for the petitioner
..... .....(Name)....., Attorney for the department
..... .....(Name)....., Department caseworker
..... .....(Name)....., Mother
..... .....(Name)....., Attorney for mother
..... .....(Name)....., Father of .....(child).....
..... .....(Name)....., Attorney for father
..... .....(Name)....., Guardian ad litem
..... .....(Name)....., Attorney for guardian ad litem
..... .....(Name)....., Legal custodian
..... .....(Name)....., Attorney for legal custodian
..... .....(Name)....., Other ....................
The court having heard testimony and argument and being
otherwise fully advised in the premises finds:
 1. That the minor child(ren) who is/are the subject matter
of these proceedings, is/are dependent within the meaning
and intent of chapter 39, Florida Statutes, and is/are (a)
resident(s) of the State of Florida.
 2. The mother, .....(name).....:
 ..... was ..... was not noticed of this hearing;
 ..... did not appear, and the court:
 ..... entered a Consent for failure to appear after proper notice.
 ..... did not enter a Consent for failure to appear after proper
notice.
 ..... appeared with counsel;
 ..... appeared without counsel and:
 ..... was ..... was not advised of her right to legal counsel,
 ..... knowingly, intelligently, and voluntarily waived ..... did
not waive her right to legal counsel and
 ..... was ..... was not determined to qualify as indigent and
 .... was ..... was not appointed an attorney.
 3. The father, .....(name).....:
 ..... was ..... was not noticed of this hearing;
 ..... did not appear, and the court:
 ..... entered a Consent for failure to appear after proper notice.
 ..... did not enter a Consent for failure to appear after proper
notice.
 ..... appeared with counsel;
 ..... appeared without counsel and:
 ..... was ..... was not advised of his right to legal counsel,
 ..... knowingly, intelligently, and voluntarily waived ..... did not waive
his right to legal counsel and
 ..... was ..... was not determined to qualify as indigent and
 ..... was ..... was not appointed an attorney.
..... 4. That the child(ren) is/are dependent within the meaning
and intent of chapter 39, Florida Statutes, in that the mother, ....(
name)....., abused, neglected or abandoned the minor child(ren)
by .................... These facts were proven by ..... preponderance of the evidence ......
clear and convincing evidence.
..... 5. That the child(ren) is/are dependent within the meaning
and intent of chapter 39, Florida Statutes, in that the father, .....(
name)....., abused, neglected or abandoned the minor child(ren)
by ..................... These facts were proven by ..... preponderance of the evidence ......
clear and convincing evidence.
 ..... 6. That the parties have filed a mediation agreement in which
the parent(s) consent(s) to the adjudication of dependency
of the child(ren) in conjunction with a withhold of adjudication,
which the court accepts.
 7. Under section 39.507(5), Florida Statutes, the Court
finds that the child(ren) named in the petition are dependent,
but finds that no action other than supervision in the child(ren)'s
home is required.
 THEREFORE, based upon the foregoing findings, it is ORDERED
AND ADJUDGED that:
 1. Under section 39.507(5), Florida Statutes, the Court hereby
withholds adjudication of dependency of the minor child(ren).
The child(ren) shall be .....returned/continued..... in (child(ren)'s
home) under the supervision of the department. If this court
later finds that the parents have not complied with the conditions
of supervision imposed, the court may, after a hearing to
establish the noncompliance, but without further evidence
of the state of dependency, enter an order of adjudication.
 2. This court shall retain jurisdiction over this cause to
enter any such further orders that may be deemed necessary
for the best interest and welfare of the minor child(ren).
 3. All prior orders not inconsistent with the present order
shall remain in full force and effect.
 4. Disposition is scheduled for .....(date)....., at ...... a.m./p.m.
 DONE AND ORDERED on .....date......
==================================================================================
 Circuit Judge

NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date)..... at .....a.m./p.m., before .....( judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .....( telephone number)......
PLEASE BE GOVERNED ACCORDINGLY.
FORM 8.980. PETITION FOR TERMINATION OF PARENTAL RIGHTS BASED ON VOLUNTARY RELINQUISHMENT

PETITION FOR TERMINATION OF PARENTAL RIGHTS
Petitioner, .....(name)....., respectfully petitions this Court for termination of parental rights and permanent commitment of the minor child(ren), .....(name(s))....., to .....(agency name)..... for the purpose of subsequent adoption, and as grounds states the following:
A. PARTIES
1. The child, .....(name)....., is a male/female child born on .....(date)....., at .....(city, county, state)...... At the time of the filing of this petition, the child is .....(age)...... A copy of the child's birth certificate is attached to this Petition and incorporated as Petitioner's Exhibit ......
COMMENT: Repeat above for each child on petition.
2. The child(ren) is/are presently in the care and custody of .....(name)....., and is/are residing in .................... County, Florida.
3. An affidavit under the Uniform Child Custody Jurisdiction and Enforcement Act is attached to this as Petitioner's Exhibit .......
4. The natural mother of the child(ren) is .....(name)....., who resides at ....................
5. The natural/alleged/putative father of the child(ren) .....(name(s))..... is .....(name)....., who resides at .....................
COMMENT: Repeat #5 as necessary.
6. A guardian ad litem ..... has ..... has not been appointed to represent the interests of the child(ren) in this cause.
B. GROUNDS FOR TERMINATION
1. The parent(s) have been advised of their right to legal counsel at all hearings that they attended.
2. The mother, .....(name)....., freely, knowingly, voluntarily, and ..... with ..... without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on .....(date)....., for termination of her parental rights to the minor child, .....(name)....., under section 39.806(1)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
3. The father, .....(name)....., freely, knowingly, and voluntarily, and ..... with ..... without advice of legal counsel executed an Affidavit and Acknowledgment of Surrender, Consent, and Waiver of Notice on .....(date)....., for termination of his parental rights to the minor child, .....(name)....., under section 39.806(1)(a), Florida Statutes.
COMMENT: Repeat above as necessary.
4. Under the provisions of chapter 39, Florida Statutes, it is in the manifest best interest of the child(ren) for parental rights to be terminated for the following reasons:
..... allegations which correspond to sections 39.810(1)B-(11), Florida Statutes.
5. A copy of this petition shall be served on the natural mother, .....(name).....; the father(s), .....(name(s)).....; the custodian, .....(name).....; and the guardian ad litem, .....(name)......
6. This petition is filed in good faith and under oath.
WHEREFORE, the petitioner respectfully requests that this court grant this petition; find that the parents have voluntarily surrendered their parental rights to the minor child(ren); find that termination of parental rights is in the manifest best interests of this/these child(ren); and that this court enter an order permanently committing this/these child(ren) to the .....(name)..... for subsequent adoption.
 _____________________________________
 .....(petitioner's name and
 identifying information).....
Verification
 _________________________________________
 .....(attorney's name).....
 .....(address and telephone number).....
 .....Florida Bar number.....
Certificate of Service
FORM 8.981. PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL RIGHTS

PETITION FOR TERMINATION OF PARENTAL RIGHTS
Petitioner, .....(petitioner's name)....., respectfully petitions this court for termination of parental rights and permanent commitment of the minor child(ren), .....(name(s))....., to .....(agency name)..... for the purpose of subsequent adoption, and as grounds states the following:
A. PARTIES
1. The child, .....(name)....., is a male/female child born on .....(date)....., at .....(city, county, state)...... At the time of the filing of this petition, the child is .....(age)...... A copy of the child's birth certificate is attached to this Petition and incorporated as Petitioner's Exhibit ......
COMMENT: Repeat above for each child on petition.
2. The child(ren) is/are presently in the care and custody of .....(name)....., and is/are residing in .................... County, Florida.
3. An affidavit under the Uniform Child Custody Jurisdiction and Enforcement Act is attached to this as Petitioner's Exhibit ......
4. The natural mother of the child(ren) is .....(name)....., who resides at ....................
5. The natural/alleged/putative father of the child(ren) .....(name(s))..... is .....(name)....., who resides at ....................
COMMENT: Repeat #5 as necessary.
6. A guardian ad litem ..... has ..... has not been appointed to represent the interests of the child(ren) in this cause.
B. GROUNDS FOR TERMINATION
1. The parents have been advised of their right to legal counsel at all hearings that they attended.
2. On or about .....(date(s))....., the following occurred: .....(acts which were basis for dependency or TPR, if filed directly)......
3. The mother has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(allegations which form the statutory basis for grounds)......
4. The father has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(allegations which form the statutory basis for grounds)......
5. Under the provisions of sections 39.806(1)B(11)39.810(1)-(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of .....(name(s))..... to be terminated for the following reasons: .....(allegations for each statutory factor in the manifest best interest test)......
6. A copy of this petition shall be served on the natural mother, .....(name)....., father(s), .....(name(s))....., the custodian, .....(name).....; and the guardian ad litem, .....(name)......
7. This petition is filed by the petitioner in good faith and under oath.
WHEREFORE, the petitioner respectfully requests that this court grant this petition; find that the parents have abused, neglected, or abandoned the minor child(ren); find that termination of parental rights is in the manifest best interests of this/these child(ren); and that this court enter an order permanently committing this/these child(ren) to .....(agency)..... for subsequent adoption.
 _____________________________________________
 .....(petitioner's name and identifying
 information).....
Verification
 _____________________________________________
 .....(attorney's name).....
 .....(address and telephone number).....
 .....(Florida Bar number).....
Certificate of Service
FORM 8.983. ADJUDICATION ORDER AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS

ORDER OF ADJUDICATION AND JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
THIS CAUSE came before this court on .....(date)..... for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by .....(name)....... Present before the court were: .....(persons present) ......
..... (Name) ....., Petitioner
..... (Name) ....., Attorney for the petitioner
..... (Name) ....., Attorney for the department
..... (Name) ....., Department caseworker
..... (Name) ....., Child
..... (Name) ....., Attorney for Child
..... (Name) ....., Mother
..... (Name) ....., Attorney for mother
..... (Name) ....., Father of ..... (child) .....
..... (Name) ....., Attorney for father
..... (Name) ....., Guardian ad litem
..... (Name) ....., Attorney for guardian ad litem
..... (Name) ....., Legal custodian
..... (Name) ....., Attorney for legal custodian
..... (Name) ....., Other ...................
The court has carefully considered and weighed the testimony of all witnesses. The court has received and reviewed all exhibits.
COMMENT: Add the following only if necessary.
The petitioner has sought termination of the parental rights of .....(parent(s)) who is/are subject of petition)......
The court finds that the parent(s), .....(name(s))....., has/have .....(list grounds proved)....., under chapter 39, Florida Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s), .....name(s)....., is clearly in the manifest best interests of the child(ren). The findings of fact and conclusions of law supporting this decision are as follows:
1. At all stages of these proceedings the parent(s) was/were advised of their right to legal counsel, or was/were in fact represented by counsel.
2. On or about .....(date(s))....., the following occurred: .....(acts which were basis for dependency or TPR, if filed directly)......
3. The mother has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that form the statutory basis for grounds)......
4. The father has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that form the statutory basis for grounds)......
5. The minor child(ren) to whom ..... (parent's(s') name(s)) ...... parental rights are being terminated are at substantial risk of significant harm. Termination of parental rights is the least restrictive means to protect the child(ren) from harm.
6. Under the provisions of sections 39.80639.810(1)-(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of .....(name(s))..... to be terminated for the following reasons below .....(findings for each statutory factor in the manifest best interest test)...... The court has considered all relevant factors and finds as follows:
(a) Regarding any suitable permanent custody arrangement with a relative of the child, the court finds .....................
(b) Regarding the ability and disposition of the parent or parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under state law instead of medical care, and other material needs of the child, the court finds ......................
(c) Regarding the capacity of the parent or parents to care for the child to the extent that the child's safety, well-being, and physical, mental, and emotional health will not be endangered upon the child's return home, the court finds ....................
(d) Regarding the present mental and physical health needs of the child and such future needs of the child to the extent that such future needs can be ascertained based on the present condition of the child, the court finds .....................
(e) Regarding the love, affection, and other emotional ties existing between the child and the child's parent or parents, siblings, and other relatives, and the degree of harm to the child that would arise from the termination of parental rights and duties, the court finds ....................
(f) Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child, the court finds .....................
(g) Regarding the child's ability to form a significant relationship with a parental substitute and the likelihood that the child will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds .....................
(h) Regarding the length of time that the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds .....................
(i) Regarding the depth of the relationship existing between the child and present custodian, the court finds .....................
(j) Regarding the reasonable preferences and wishes of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference, the court finds ....................
(k) Regarding the recommendations for the child provided by the child's guardian ad litem or the legal representative, the court finds .....................
(l) Regarding other relevant factors including ...................., the court finds ....................
COMMENT: Add items 7, 8, and 9 as applicable.
7. Under section 39.811(6)(.....), Florida Statutes, the court terminates the parental rights of only .....(parent whose rights are being terminated)..... as to the minor child(ren), .....( child(ren)'s name(s))...... Specifically, the court finds that ...... (specific findings of fact under section 39.811(6), Florida Statutes)......
8. Under sections 39.509(5) and 39.811(7)(a), Florida Statutes, the court finds that continued grandparental visitation is not in the best interests of the child(ren) or that such visitation would interfere with the permanency goals for the child(ren) for the following reasons .....................
9. Under section 39.811(7)(b), Florida Statutes, the court finds that although parental rights are being terminated, the best interests of .....(names of child(ren) to which this provision applies)..... support continued communication or contact by .....(names of parents, siblings, or relatives of the parent whose rights are terminated and to which this provision applies)..... except as provided above. The nature and frequency of the communication or contact shall be as follows ..................... It may be reviewed on motion of any party or an identified prospective adoptive parent.
THEREFORE, after weighing credibility of witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:
1. The petition filed by ..... (name)..... is granted as to the parent(s), ..... (name(s)) ......
2. The parental rights of the father, .....(name)....., and of the mother, .....(name)....., to the child, .....(name) ....., are hereby terminated under section 39.806(.....), Florida Statutes.
COMMENT: Repeat the above for each child and parent, as necessary.
3. Under sections 39.811(2) and (5), Florida Statutes, Tthe child(ren), .....(name(s))....., are placed in the custody of ..... (agency) ..... for the purpose of subsequent adoption.
4. The 30-day permanency plan required by section 39.811(8), Florida Statutes, shall be filed and heard at .....(time)..... on .....(date)..... in .....(location)......
DONE AND ORDERED on .....(date)....., in .....(city and county)....., Florida.
 _____________________
 Circuit Judge

NOTICE
Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (filed).
NOTES
[1] We correct a typographical error in the proposed form 8.981 by deleting "39.806(1)B(11)" and adding "39.810(1)-(11)."
[2] Section 39.402 sets forth the factual circumstances which must exist and the procedures which the Department of Children and Family Services (Department) must follow in order to legally place a child into a protective shelter. A shelter hearing refers to the hearing which must take place, in all but very strict circumstances, before a child can be placed into a shelter.

Section 39.507 governs adjudicatory hearings conducted after the Department has filed a petition for dependency. The purpose of a hearing under this section is to determine whether the child or children in question have been abused, abandoned, or neglected, and are, therefore, in need of intervention by the Department. Subsection (1)(b) provides, in pertinent part: "Adjudicatory hearings shall be conducted by the judge without a jury. . . ." There are other references to "judge" and "the court" throughout the statutory section.
Section 39.809 governs adjudicatory hearings conducted to determine whether a parent's parental rights should be terminated. Subsection (3) provides, in pertinent part: "The adjudicatory hearing must be conducted by the judge without a jury. . . ."
[3] Art. V, Fla. Const.