984 So.2d 647 (2008)
E.S., Mother of S.M., a minor child, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D07-5761.
District Court of Appeal of Florida, First District.
June 24, 2008.
*648 Carole A. Vogel, St. Augustine, for Appellant.
Jennifer S. Paullin, Orlando, for Guardian ad Litem Program.
Michael A. Tupper, Assistant General Counsel, Department of Children and Families, Jacksonville, for Appellee.
THOMAS, J.
Appellant appeals the trial court's order adjudicating her four-year-old child dependent, arguing that competent, substantial evidence does not support the trial court's order. We agree, and reverse.

Facts and Procedural Background
This case results from tragic circumstances in which Appellant's two-month-old niece died while in her custody. Immediately after her niece's death, the Department sheltered Appellant's other children, including four-year-old S.M. The Department filed a dependency petition alleging abuse and neglect based on Appellant's inappropriate discipline, inadequate living environment, and inadequate supervision in which Appellant's niece died.
At the disposition hearing on the Department's dependency petition, the medical examiner testified that she could not identify the cause of death of Appellant's niece. She testified that the infant was dehydrated, and her progress on the growth chart indicated a failure to thrive. She also had an unusually high glucose level, indicating possible undiagnosed juvenile diabetes, although the pancreas was normal. She testified that it was dangerous for the infant to have been sleeping in a bed with S.M. and two other children due to the risk of suffocation, but could not opine that co-sleeping caused the infant's death. The medical examiner also could not say that the death resulted from Sudden Infant Death Syndrome, as this is typically only a cause of death in a healthy, *649 thriving infant. A pediatrician acknowledged that the autopsy photographs depicted an unhealthy infant, but testified that the child's weight was normal and that she was not dehydrated.
Numerous witnesses testified that Appellant's home was in deplorable conditions of filth and disrepair, with a leaking roof, a nonfunctioning refrigerator, and only one functional air conditioning unit. A neighbor testified that Appellant had just moved in and was in the process of cleaning and repairing her home when her niece died, but the home is now clean and in good condition. The Department's representatives testified they had discussed the possibility of assisting Appellant with roof repairs, but it was not repaired before the children were removed.
Appellant testified that she moved into the home after financial circumstances forced her to immediately leave her previous home. She knew the home needed to be cleaned and repaired and was in the process of doing this when the Department removed her children. On the night her niece died, she briefly left her home and instructed her 14-year-old daughter to put the younger children to bed. She admitted that she did not check on the children when she returned home and was not aware that they were sleeping in the same bed. She also admitted hitting S.M. in the face with a comb on one occasion in June 2006, explaining that S.M. moved when she attempted to spank her.
The court adjudicated S.M. dependent, placing her in her father's custody. It found that Appellant subjected S.M. to inappropriate and/or excessively harsh corporal discipline when she struck S.M. with a comb, leaving a bruise under her eye and marks on her arms. It further found that Appellant neglected S.M. by leaving her without adult supervision or arrangements appropriate for a young child unable to care for her own needs. The court found that Appellant failed to appropriately supervise the children's sleeping arrangements, and that S.M. was at such an age that she was subjected to prospective neglect due to the conditions and care in Appellant's home.

Legal Analysis
This court reviews a dependency adjudication under the abuse of discretion standard. J.C. v. Dep't of Children & Family, 947 So.2d 1246, 1248 (Fla. 2d DCA 2007). The Department must prove the allegations to support dependency by a preponderance of the evidence. C.C. v. Dep't of Health & Rehabilitative Servs., 556 So.2d 416, 417 (Fla. 1st DCA 1989). This court will uphold a trial court's dependency finding when the trial court applied the correct law and its factual findings are supported by competent, substantial record evidence. See R.F. v. Fla. Dep't of Children & Families, 770 So.2d 1189, 1192 (Fla.2000).
The trial court's finding that Appellant applied inappropriate or excessively harsh corporal punishment is supported by competent, substantial evidence, as Appellant admitted that she lost control on this one occasion. The trial court, however, applied the incorrect law in concluding that this factual finding supported its dependency adjudication. As this court has previously explained, one incident of corporal punishment, even when a parent's behavior is uncontrolled, is not sufficient to support a dependency adjudication. See C.C., 556 So.2d at 417 ("Although we condemn the apparently uncontrolled and hysterical behavior exhibited by the mother in disciplining her two-year old child . . . we must hold that the facts presented do not support a finding of dependency based upon abuse."). Here, the trial court conceded that it was not following the correct law, as it acknowledged the case law in its tentative oral ruling, but stated that it disagreed with the case law.
*650 We further find that the trial court's finding of neglect is not supported by competent, substantial evidence. In order to prove neglect, the Department must prove that S.M. was "deprived of . . . necessary food, clothing, shelter, or medical treatment or . . . permitted to live in an environment when such deprivation or environment causes [her] physical, mental, or emotional health to be significantly impaired or to be in danger of being significantly impaired." § 39.01(43), Fla. Stat. (2006). Here, the court found that Appellant failed to adequately supervise S.M., thereby presenting a danger to her, as she was too young to care for her own needs.
In J.S. v. Department of Children and Family Services (In re T.S.), the Second District reversed the trial court's dependency adjudication, reasoning that competent, substantial evidence did not support the trial court's finding that the appellant failed to adequately supervise her child who was found by a sheriff's deputy walking along the side of a road. 979 So.2d 1202 (Fla. 2d DCA 2008). The deputy unsuccessfully attempted to locate the appellant, so the child spent the night with the Department. Id. He was returned to the appellant in the morning, but then removed due to the condition of the home. Id. The court reasoned that, although the child was not supervised while walking home, no evidence existed that the child was in a dangerous situation. Id. Further, no evidence showed that the child had been unsupervised in the appellant's substandard home. Id.
Here, the only evidence presented showed that Appellant failed to check on her children when she returned to her home after a brief absence. Her 14-year-old daughter put S.M. to bed; therefore, S.M. was not entirely unsupervised. The court's finding that S.M. was unable to care for her own needs during this period is also not supported by competent, substantial evidence. It is unclear what needs S.M. would have had while sleeping that she would have been unable to take care of or were unmet by Appellant. Further, as in J.S., no evidence was presented that it was dangerous for S.M. to sleep in a bed with other children. The medical examiner testified that co-sleeping is dangerous for infants, but never opined that it is dangerous for a four-year-old child.
We agree with the trial court that the circumstances here would have led to a dependency adjudication regarding Appellant's infant niece; the same circumstances, however, do not lead to a similar dependency adjudication for S.M., where the Department failed to establish a nexus between Appellant's apparent neglect of her infant niece and her treatment of S.M. See M.N. v. Dep't of Children & Families, 826 So.2d 445, 447-48 (Fla. 5th DCA 2002) (requiring that the Department introduce independent evidence establishing a nexus between prior abuse and prospective abuse). Accordingly, we reverse the trial court's adjudication of dependency and remand for further proceedings.
REVERSED and REMANDED.
BROWNING, C.J., and KAHN, J., concur.