BENTON, C.J.
 

 A.T.N. appeals an order that adopted a general magistrate’s recommended order in adjudicating her child, E.B., dependent. In violation of Florida Rule of Juvenile Procedure 8.257(h), the general magistrate, not the circuit judge, had presided over the adjudicatory hearing. The Department of Children and Family Services (DCFS) concedes error, moreover, in that the only evidence adduced at the hearing was hearsay. Accordingly, we reverse and remand for further proceedings.
 

 When DCFS filed an initial petition for dependency, A.T.N. entered into a “Stipulation for Plan of Treatment” with DCFS stipulating,
 
 inter alia,
 
 that if, at the end of six months, A.T.N. was not in substantial compliance with the terms of her case plan, then “upon motion and hearing and the Court finding by a preponderance of the evidence that a material violation of the Stipulation has occurred, and without further evidence of the state of dependency, the parent hereby agrees that [E.B.] shall be adjudicated dependent based upon the allegations set forth in the Petition for Dependency filed by [DCFS] and incorporated herein by reference, with said allegations to be deemed findings of fact upon which the Court may base the adjudication of dependency.” Before the six-month period ended, DCFS filed a motion to adjudicate E.B. dependent, arguing that A.T.N. had not complied with the terms of the case plan, and that it was unlikely she would do so by the deadline.
 

 When the matter came on for hearing before a general magistrate, A.T.N.’s counsel argued that a general magistrate was without authority to conduct dependency adjudications. The magistrate ruled oth
 
 *636
 
 erwise and, based on DCFS’s counsel’s representation that it was her understanding that, while A.T.N. had recently started on the tasks her case plan set for her, she should have completed everything by October but had not, the magistrate found that A.T.N. had violated the terms of the stipulation, and recommended that E.B. be adjudicated dependent. On December 13, 2010, the same day the magistrate made his report and recommendation, the circuit judge adopted the recommended order adjudicating E.B. dependent in the order under review.
 

 A general magistrate cannot conduct an adjudicatory hearing under section 89.507, Florida Statutes (2010). Section 39.507, which governs hearings adjudicating children dependent, provides that such hearings “shall be conducted by the judge without a jury, applying the rules of evidence in use in civil cases.” § 39.507(l)(b), Fla. Stat. (2010). Florida Rule of Juvenile Procedure 8.257(h) prohibits a general magistrate from presiding over an adjudicatory hearing under section 39.507: “Notwithstanding the provisions of this rule, a general magistrate shall not preside over a shelter hearing under section 39.402, Florida Statutes, an adjudicatory hearing under section 39.507, Florida Statutes, or an adjudicatory hearing under section 39.809, Florida Statutes.”
 
 See also In re Amendments to the Fla. Rules of Juvenile Procedure,
 
 939 So.2d 74, 75-76 (Fla.2006) (noting, in adopting the current version of rule 8.257(h), that “there is currently no meaningful opportunity for the child to object to a magistrate conducting a hearing under these provisions. Consequently, there is also no opportunity for the child to waive an objection to the referral. Without provision for such an opportunity in the rules, we believe these hearings must be conducted by an article V judge.”). Because the general magistrate did not have authority to conduct the adjudicatory hearing, we must reverse.
 
 See Polk Cnty. v. Sofka,
 
 702 So.2d 1243, 1244-45 (Fla.1997) (refusing to decide merits where case came from a court that lacked jurisdiction to enter judgment).
 

 Florida Rule of Juvenile Procedure 8.257(b)(1) provides, moreover, that “[n]o matter shall be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties.” Although failure to file a written objection to an order of referral within ten days constitutes consent to the referral,
 
 see
 
 Fla. R. Juv. P. 3.257(b)(2), in the present case the record contains no order of referral to which A.T.N. could have consented.
 

 Finally, A.T.N. argues that the magistrate improperly based his decision to adjudicate E.B. dependent on hearsay, since neither party presented any evidence or called any witnesses at the hearing. DCFS has the burden of proof in a dependency hearing, and must “prove the allegations to support dependency by a preponderance of the evidence.”
 
 E.S. v. Fla. Dep’t of Children & Families,
 
 984 So.2d 647, 649 (Fla. 1st DCA 2008) (citing
 
 C.C. v. Dep’t of Health & Rehabilitative Servs.,
 
 556 So.2d 416, 417 (Fla. 1st DCA 1989)). Dependency adjudications are reviewed under the abuse of discretion standard.
 
 See id.
 
 (citing
 
 J.C. v. Dep’t of Children & Family Servs.,
 
 947 So.2d 1246, 1248 (Fla.2d DCA 2007)). Because DCFS presented no evidence to show that A.T.N. materially violated the stipulation, or that E.B. was otherwise dependent within the meaning of chapter 39, DCFS did not meet its burden to prove grounds for dependency, and the trial court abused its discretion in adjudicating E.B. dependent. DCFS concedes error on this point only, and the Guardian
 
 *637
 
 ad Litem joins the concession.
 
 *
 

 Reversed and remanded.
 

 CLARK and MARSTILLER, JJ., concur.
 

 *
 

 Neither DCFS nor the Guardian ad Litem argues that A.T.N. waived this argument by failing to file exceptions to the magistrate’s report and recommended order.
 
 See
 
 Fla. R. Juv. P. 8.257(f) ("The parties may file exceptions to the report within 10 days from the time it is served on them.... If no exceptions are filed within that period, the court shall take appropriate action on the report.”). It appears the parties had no time to file exceptions, in any event, as the circuit judge signed the order under review on the same day the magistrate entered his report and recommended order.
 
 See, e.g., Berkheimer v. Berkheimer,
 
 466 So.2d 1219, 1220 (Fla. 4th DCA 1985) (finding Florida Rule of Civil Procedure 1.490(h)’s providing that, if the parties do not file exceptions to a magistrate’s report within ten days from the time it was served on them, the court shall take appropriate action, "indicates that the trial court is not at liberty to act upon the master's report during the 10-day period”).
 
 See also Aspsoft, Inc. v. WebClay,
 
 983 So.2d 761, 764-65 n. 1 (Fla. 5th DCA 2008) (rejecting argument that appellant waived claims of error for failure to file exceptions to the general magistrate’s report, stating that appellees “failed to cite to any statutory or case law to support their waiver argument, and independent research has failed to uncover any legal support for the waiver argument”).
 
 But see, e.g., Rosen v. Wilson,
 
 922 So.2d 401, 402 (Fla. 4th DCA 2006).