DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.M.,** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN & FAMILIES,**
Appellee.

No. 4D20-2607

[March 17, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Steven J. Levin, Judge; L.T. Case No. 432020DP000038.

Crystal J. Marsh of Marsh Law Firm, P.A., Stuart, for appellant.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Antony P. Ryan, Regional Counsel, and Gloria Floyd, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellee the Mother.

**ON CONCESSION OF ERROR**

PER CURIAM.

Appellant J.M. is a non-offending father appealing the trial court's order finding his child, Z.M., dependent as to the child's mother but withholding adjudication of dependency. He argues the trial court erred in withholding adjudication under section 39.507(5), Florida Statutes (2020), because the mother had uncompleted case plan tasks other than supervision. Some of those tasks included: finding stable housing and income, completing a drug treatment program, and completing parenting classes. Appellee Department of Children and Families properly concedes error, and we reverse.

"Dependency adjudications are reviewed under the abuse of discretion standard." *A.T.N. v. Fla. Dep't of Children & Family Servs.*, 70 So. 3d 634, 636 (Fla. 1st DCA 2011); *see also D. Children v. Dep't of Children & Family Servs.*, 820 So. 2d 980, 982 (Fla. 4th DCA 2002) (same). "However, because it appears the circuit court's order, and the [parties'] arguments on appeal, both rest upon

the interpretation of Chapter 39's requirements, our review is de novo." *N.A. v. Dep't of Children & Families*, 267 So. 3d 430, 433–34 (Fla. 4th DCA 2019).

Section 39.507(5), Florida Statutes (2020), states the court may withhold adjudication if it "finds that the child named in the petition is dependent, but finds that *no action other than supervision* in the child's home is required." (emphasis added). Here, the court should not have withheld adjudication as to the mother because there were "action[s] other than supervision" that had to be completed. Accordingly, we reverse and remand for the trial court to enter an order adjudicating the child dependent and for further proceedings.

*Reversed and remanded.*

DAMOORGIAN, FORST, and KLINGENSMITH JJ., concur.

\* \* \*

**FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.**