PARKER, Judge.
Donna Hand (the wife) appeals the trial court’s nonfinal order denying her exceptions to the report and recommendations of the general master. We reverse because the trial court failed to enter a proper order of referral. Because of this reversal, the wife’s second issue is moot.
The wife argues, and John Kushmer (the husband) agrees, that the trial court did not refer this matter to the general master pursuant to Florida Family Law Rules of Procedure 12.490. The record does not contain a referral order. The wife filed four postdisso-lution motions asking the court for relief. These matters were set for hearing before a general master. The wife did not file an objection to the motions being heard by a general master. After the hearing, the wife filed an objection to the hearing, along with her exceptions to the general master’s report and recommendations. After the hearing regarding the exceptions, the trial court affirmed the general master’s report and recommendations.
Because the wife’s motions pertained to issues other than child support enforcement, Family Law Rule of Procedure 12.490 is applicable. This rule provides that:
No matter shall be heard by a general master without an appropriate order of reference and the consent to the referral of *859 all parties.... Consent may be express or may be implied in accordance with the requirements of this rule.
Fla. Fam. L.R.P. 12.490(b)(1). This rule also provides that the parties can object to referral within ten days of the service of the order of referral. If the parties fail to object and they participate in the proceedings, they waive their right to object to the order of referral. See Cox v. Cox, 490 So.2d 1051 (Fla. 4th DCA 1986) (failure to timely object waives complaint of orders of referral as to matters already completed).
In this case, there is no order of referral; therefore, the wife did not have the notice language that a proper referral order would contain advising her of the right to object to the referral order. Accordingly, it cannot be said that she waived her right to be heard by the court.
The order denying the wife’s exceptions is reversed and remanded for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and NORTHCUTT, J., concur.