832 So.2d 810 (2002)
CHICAGO TITLE INSURANCE COMPANY, Appellant,
v.
ALDAY-DONALSON TITLE COMPANY OF FLORIDA, INC., a Florida corporation; Alday-Donalson Title Company of Pinellas County, Inc., a Florida corporation; Alday-Donalson Title Company, Inc., a Florida corporation; Alday-Donalson Title Agencies of America, Inc.; Thomas Alday; Ronald Donalson; Stewart Title Guaranty Company, a Texas corporation; and Stewart Title Company, a Texas corporation, Appellees.
No. 2D01-2792.
District Court of Appeal of Florida, Second District.
October 30, 2002.
*812 John H. Pelzer, W. Wyndham Geyer, Jr., and Greg H. Rosenthal of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellant.
John P. Holsonback of Fuller Holsonback Bivins & Malloy, P.A., Tampa, for Appellees Alday-Donalson Title Company of Florida, Inc.; Alday-Donalson Title Company of Pinellas County, Inc.; Alday-Donalson Title Company, Inc.; Thomas Alday, and Ronald Donalson.
Mark. A. Brown, Adam Tanenbaum, and Marty Solomon of Carlton Fields, P.A., Tampa, for Appellees Stewart Title Guaranty Company and Stewart Title Company.
A.J. Musial, Jr., of A.J. Musial, Jr., P.A., Tampa, for Appellee Alday-Donalson Title Agencies of America, Inc.
DANAHY, PAUL W., Senior Judge.
Chicago Title Insurance Company appeals the trial court's orders disposing of all of its claims against Stewart Title Guaranty Company, Stewart Title Company (collectively "Stewart Title"), Alday-Donalson Title Agencies of America, Inc. (Alday America), Thomas Alday, and Ronald Donalson. We affirm in part and reverse in part.
In early 1997, Thomas Alday, Ronald Donalson, and three title insurance agencies that they owned (the Alday Agencies) sued Chicago Title for unfair trade practices, fraudulent inducement, breach of warranty, breach of contract, and negligent misrepresentation. These counts arose out of various business transactions between the Alday Agencies and their title insurance underwriter, Chicago Title. In addition, Alday, Donalson, and the Alday Agencies brought a declaratory judgment action seeking a judicial determination as to whether various exclusivity agreements between Alday, Donalson, the Alday Agencies, and Chicago Title were enforceable.
While that litigation proceeded, Alday approached Stewart Title and offered to sell Stewart Title all of the assets of the Alday Agencies. Alday's offer contemplated that a new corporation would be formed to purchase these assets and that the new corporation would become an exclusive title insurance agent for Stewart Title. Stewart Title agreed to this proposal, and Alday and Donalson subsequently incorporated Alday America. Following a series of transactions, Alday America owned all of the assets of the Alday Agencies and began operating as an exclusive agent for Stewart Title. The Alday Agencies continue to exist as Florida corporations; however, they have not actively issued title insurance since Alday America began issuing title insurance policies for Stewart Title.
Upon learning of the existence of Alday America and its relationship with Stewart Title, Chicago Title filed a counterclaim against Alday, Donalson, and the Alday Agencies in the existing litigation. Chicago Title also brought Alday America and Stewart Title into the action as additional counterclaim defendants. In its second amended counterclaim, Chicago Title sued Alday and Donalson for breach of their exclusivity agreements, breach of oral contract, fraudulent inducement, breach of their personal guaranties, and breach of fiduciary duties. Chicago Title sued Stewart Title for tortious interference with the Alday Agencies' exclusivity agreements, tortious interference with Alday's and Donalson's exclusivity agreements, tortious *813 interference with the Alday Agencies' contractual obligations, tortious interference with Alday's and Donalson's personal guaranties, conspiracy to fraudulently induce Chicago Title into entering into the exclusivity agreements, and conspiracy to breach Alday's and Donalson's fiduciary duties. Chicago Title sued Alday America for successor entity liability, tortious interference with Alday's and Donalson's exclusivity obligations, tortious interference with the Alday Agencies' contractual obligations, tortious interference with Alday's and Donalson's personal guaranties, and conspiracy to breach Alday's and Donalson's fiduciary duties.
In a series of orders, the trial court dismissed all of Chicago Title's claims against Alday, Donalson, and Alday America with prejudice. The trial court also dismissed all of the claims against Stewart Title with prejudice except for the claim for tortious interference with the Alday Agencies' exclusivity agreements. As to that claim, the trial court later granted final summary judgment in favor of Stewart Title. The effect of these rulings was to totally dispose of Chicago Title's claims against Alday America and Stewart Title, thus ending the litigation as to them. The rulings also disposed of all of Chicago Title's claims against Alday and Donalson, although Alday and Donalson remain parties to the litigation below by virtue of their claims against Chicago Title. In this appeal, Chicago Title seeks reversal of all of these orders.
As to the dismissal of Chicago Title's claims against Alday and Donalson, we decline to review the merits of the trial court's order because such review is premature. On November 7, 2000, the trial court entered its order dismissing all of Chicago Title's claims against Alday and Donalson. Chicago Title timely appealed that order to this court. This court dismissed the appeal as being from a nonfinal, nonappealable order because Alday and Donalson were still parties to the action, and thus the trial court's order did not constitute a final judgment or partial final judgment. This dismissal was without prejudice to Chicago Title's pursuit of an appeal once there was a final judgment completely ending the litigation between Chicago Title and Alday and Donalson.
In this appeal, Chicago Title again attempts to have this court consider the merits of the order dismissing Alday and Donalson. However, under the law of the case doctrine, questions of law that have actually been decided on appeal must govern the case in both the trial court and the appellate court through all subsequent stages of the proceedings. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001); Dade County Classroom Teachers' Ass'n v. Rubin, 238 So.2d 284, 289 (Fla.1970); Dicks ex rel. Montgomery v. Jenne, 740 So.2d 576, 577 (Fla. 4th DCA 1999). This court has already ruled that the dismissal of the counts against Alday and Donalson is not reviewable while Alday and Donalson are still parties to the litigation below. The record shows that nothing about the case against Alday and Donalson has changed since this court previously declined to review the November 7, 2000, order. Accordingly, we do not review the dismissal of the claims against Alday and Donalson. This decision is without prejudice to Chicago Title's right to challenge the merits of the trial court's order dismissing these claims once the litigation involving Alday and Donalson is completed.
As to the dismissal of Chicago Title's claims against Stewart Title, we affirm the dismissal of the conspiracy counts. We also affirm the dismissal and final summary judgment on the tortious interference counts because Chicago Title failed to allege and prove that Stewart Title caused the breach of these contracts.
*814 In order to state a cause of action for tortious interference, a plaintiff must allege: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985); Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp., 543 So.2d 852, 854 (Fla. 2d DCA 1989). Imbedded within these elements is the requirement that the plaintiff establish that the defendant's conduct caused or induced the breach that resulted in the plaintiff's damages. St. John's River Water Mgmt. Dist. v. Fernberg Geological Servs., Inc., 784 So.2d 500, 504 (Fla. 5th DCA 2001).
In considering the element of causation, Florida courts have held that the plaintiff must plead and prove that the defendant manifested a specific intent to interfere with the business relationship. See, e.g., Sec. Title, 543 So.2d at 855; Martin Petroleum Corp. v. Amerada Hess Corp., 769 So.2d 1105, 1107 (Fla. 4th DCA 2000). Thus, even if the defendant is aware of the existing business relationship, the defendant will not be liable for tortious interference with that relationship unless there is evidence that the defendant intended to procure a breach of the contract. See Martin Petroleum, 769 So.2d at 1107 (quoting Restatement (Second) of Torts § 766 cmt. n (1977)). See also Deane v. Johnston, 104 So.2d 3, 8 (Fla.1958) ("Intent in the law of torts means that the actor acts for the purpose of causing an invasion of another's interest...."); Sec. Title, 543 So.2d at 855 (holding that the defendant could not be liable for tortious interference because it was an entirely passive party that manifested no intent to interfere with the relationship); Farah v. Canada, 740 So.2d 560, 561 (Fla. 5th DCA 1999) ("[A] plaintiff must prove that a third party interfered with a contract by `influencing, inducing or coercing one of the parties to ... breach the contract....'") (quoting West v. Troelstrup, 367 So.2d 253, 255 (Fla. 1st DCA 1979)).
In this case, Chicago Title offered no evidence and raised no issue of material fact as to whether Stewart Title intended to procure the breach of the contracts between Chicago Title and the Alday Agencies. Rather, the only evidence was that the Alday Agencies already intended to breach the contracts before contacting Stewart Title. There was no evidence that Stewart Title took any action that caused or induced the breach. Therefore, the trial court did not err in ruling in favor of Stewart Title on the tortious interference counts.
Finally, as to the dismissal of Chicago Title's claims against Alday America, we affirm the dismissal of the tortious interference counts and the conspiracy count without further discussion. However, we reverse the dismissal of the count for successor entity liability because Chicago Title has properly alleged a claim for successor entity liability under either the de facto merger theory or the mere continuation theory.
A de facto merger occurs where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger. To find a de facto merger there must be continuity of the selling corporation evidenced by the same management, personnel, assets and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities. All of the events, such as dissolution, need not occur at the same time.

*815 Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145, 153-54 (Fla. 4th DCA 1994) (citations omitted). Under the mere continuation theory, liability is imposed when the successor corporation is merely a continuation or reincarnation of the predecessor under a different name. Id. at 154. The key is that there is a change in form, but not in substance. Id.

In this case, Chicago Title has properly alleged the elements for both the de facto merger theory and the mere continuation theory. While Alday America takes issue with the truth of the allegations, that is not a proper consideration at the motion to dismiss stage. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla.2002) ("[W]hen presented with a motion to dismiss, a trial court is required to `treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to the plaintiffs.'") (quoting Hollywood Lakes Section Civic Ass'n v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996)); Brocato v. Health Options, Inc., 811 So.2d 827, 829 (Fla. 2d DCA 2002) ("On a motion to dismiss for failure to state a cause of action, a trial court is restricted to a consideration of the well-pleaded allegations of the complaint and must accept those allegations as true."); Lutz Lake Fern Road Neighborhood Groups, Inc. v. Hillsborough County, 779 So.2d 380, 383 (Fla. 2d DCA 2000). Therefore, the trial court erred in dismissing the successor entity liability claim against Alday America, and we reverse that portion of the order.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and NORTHCUTT, JJ., Concur.