841 So.2d 482 (2003)
Julia TOLEDO and Connie Peterson, mother and next friend of Jason Peterson, a minor, Appellants/Cross Appellees,
v.
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY, Appellee/Cross Appellant.
No. 2D01-4643.
District Court of Appeal of Florida, Second District.
January 10, 2003.
Rehearing Denied April 3, 2003.
*483 Emmett Abdoney, Tampa, for Appellants.
Patricia E. Davenport and Richard A. Harrison of Allen, Dell, Frank & Trinkle, Tampa, for Appellee.
CASANUEVA, Judge.
Julia Toledo and Connie Peterson sued Hillsborough County Hospital Authority operating as Tampa General Hospital (TGH). The court entered summary judgment on three of their asserted claims: a claim for tortious interference with a contractual relationship, a claim for tortious interference with a business relationship, and a claim (count IV) that TGH's filing a claim of lien under authority granted to it by chapter 80-510, section 17, at 149, Laws of Florida, was tortious. We agree with the trial court's reasoning as to count IV and affirm. However, we reverse the final summary judgment as to the remaining two counts.
Each plaintiff received medical services at TGH for which billing statements were issued to their respective insurance carriers. The bills to the insurance carriers were discounted, allegedly by thirty percent in one instance. The complaint alleged that TGH would then exercise powers granted to it under chapter 80-510 by filing a lien against the patient in Hillsborough County's public records in the amount resulting from the total value of the medical services provided by TGH less the sum paid by the patient and her insurance carrier.
Although the plaintiffs' inclusion of language in counts II and III regarding TGH's conduct of filing the lien obscured the focus of their tortious interference claims, we believe that the unnecessary and improper language should have been stricken from those counts. In entering summary final judgment the trial court erred.
To plead an action for tortious interference, a plaintiff's complaint must generally set forth four elements as follows: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc., 832 So.2d 810, 814 (Fla. 2d DCA 2002) (citing Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla.1985)).
We conclude that after the extraneous language regarding the lien filing is stricken, it is likely that the plaintiffs can properly plead causes of action for tortious *484 interference with a contract (count II), and tortious interference with a business relationship (count III). We remand with instructions to the trial court to enter an order granting the plaintiffs leave to amend these counts. In doing so, we make no observation here as to the merits of the claims but hold only that an opportunity to plead at least once more should be afforded to the plaintiffs.
We affirm the cross-appeal without comment.
Affirmed in part; reversed in part; remanded with instructions.
DAVIS and KELLY, JJ., Concur.