PER CURIAM.
Laura Dye appeals a final order dismissing her second amended complaint with prejudice. Dye argues that the trial court erred in dismissing her complaint as it adequately stated causes of action for fraud in the inducement, piercing the corporate veil, quantum meruit and tortious interference. We affirm in part and reverse in part.
In reviewing the propriety of an order dismissing a complaint, we confíne our analysis to the four corners of the complaint and accept all well pled allegations as true. Because the matter presents a question of law, we review the matter de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175 (Fla. 5th DCA 2001). Having carefully reviewed the complaint, we agree that the trial court properly dismissed with prejudice each of the counts in Dye’s second amended complaint except for count IX, tortious interference and count X, quantum meruit. Those counts plead the requisite facts to establish the causes of action. See Toledo v. Hillsborough County Hosp. Auth., 841 So.2d 482 (Fla. 2d DCA 2003) (setting forth the four elements that must be pled in an action for tortious interference); Hull & Co., Inc. v. Thomas, 834 So.2d 904 (Fla. 4th DCA 2003) (setting forth the requisite elements to plead a claim for quantum meruit/quasi contract). With respect to those claims, the matters raised in the appellees’ motion to dismiss are more appropriately asserted as defenses.
We reverse the order dismissing Dye’s claim for quantum meruit and tortious interference, but affirm the remainder of the order dismissing the other counts with prejudice.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PETERSON, PALMER and ORFINGER, JJ., concur.