CASANUEVA, Judge.
 

 Fiberglass Coatings, Inc. (FCI), appeals an adverse summary final judgment in its suit for tortious interference against Interstate Chemicals, Inc. (Interstate), arising out of a covenant not to compete contained in a former employee’s employment contract. We affirm in part and reverse in part.
 

 The noncompete covenant that was the genesis of this suit prohibited Robert Hutchens, FCI’s former employee, from being employed by or acting as an agent of any business which competed with FCI within the state of Florida for a year after his employment with FCI ended. Mr. Hutchens left FCI’s employ in March 2002. Within a few weeks, he began working for Polymeric, a competitor of FCI, but stayed there only a short time. In Sep
 
 *838
 
 tember 2002, Interstate, also a competitor of FCI, hired him as a salesman, the position he occupied with FCI. In January 2004, FCI filed the instant suit against Interstate.
 

 Paragraphs twenty-seven and twenty-nine of FCI’s amended complaint asserted that Interstate tortiously interfered with the restrictive covenant in two ways, a “solicitation of customers” theory and an “employment” theory:
 

 27. In direct violation of Hutchens’ Covenant not to Compete, Interstate has caused Hutchens to solicit on behalf of Interstate at a minimum, the following businesses which were customers of FCI at the time Hutchens commenced employment with defendant Interstate in September 2002: [here, ten customers were listed who were common to both FCI and Interstate],
 

 [[Image here]]
 

 29. Notwithstanding Interstate’s awareness of Hutchens’ covenant not to compete, it intentionally and without justification interfered with the covenant between Hutchens and plaintiff FCI by employing him more than six months before the expiration of the covenant.
 

 Interstate moved for summary judgment, claiming that as a matter of law it could not be liable for toi'tious interference because Mr. Hutchens was predisposed to breach his covenant not to compete as evidenced by the undisputed fact of his intervening employment with Polymeric. In its order granting Interstate’s motion for summary judgment, the circuit court agreed and concluded that the employee had a predisposition to breach his contract with FCI and, as a result, Interstate did not cause or induce him to breach the contract’s covenant not to compete.
 

 We review this summary judgment de novo.
 
 Volusia County v. Aberdeen at Or-mond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000).
 

 The tort which FCI claimed Interstate committed comprises four elements:
 

 (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship.
 

 Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.,
 
 832 So.2d 810, 814 (Fla. 2d DCA 2002) (citing
 
 Tamiami Trail Tours, Inc. v. Cotton,
 
 463 So.2d 1126, 1127 (Fla.1985)). It is the third element, causation, that is at issue in this case. Causation requires a plaintiff to “prove that the defendant manifested a specific intent to interfere with the business relationship.”
 
 Id.
 
 No liability will attach unless it is established “that the defendant intended to procure a breach of the contract.”
 
 Id. “
 
 ‘One does not induce another to commit a breach of contract with a third person under the rule stated in this Section when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person.’ ”
 
 Martin Petroleum Corp. v. Amerada Hess Corp.,
 
 769 So.2d 1105, 1107 (Fla. 4th DCA 2000) (quoting Restatement (Second) of Torts § 766 cmt. n (1977)). As noted by the Fourth District, Florida follows this section of the Restatement in these circumstances.
 
 Id.
 

 Under this prevailing case law, we conclude that the circuit court did not err in granting summary judgment under the “employment” theory of liability set forth in paragraph 29 of the amended complaint. As explained by comment n of the Restatement (Second) of Torts, section 766, Interstate merely entered into an employment agreement with Hutchens knowing that he
 
 *839
 
 could not honor his covenant not to compete with FCI and at the same time work for Interstate.
 

 However, as to the “solicitation of customers” theory of liability contended in paragraph 27 of the amended complaint, we conclude that summary judgment was inappropriate. The record before us contains direct and circumstantial evidence that, if believed by the finder of fact, would result in liability for solicitation of FCI’s customers.
 

 Summary judgment affirmed in part and reversed in part; cause remanded for further proceedings.
 

 NORTHCUTT, C.J., and VILLANTI, J., Concur.