INGENUITY, INC., a Florida corporation, Plaintiff–Appellant,

v.

LINSHELL INNOVATIONS LIMITED, a British corporation, Conair Corporation, a Delaware corporation, Defendants–Appellees.

No. 15–10214
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 2016.

Kevin Patrick Kelly, Kellylaw, PA, Orlando, FL, for Plaintiff–Appellant.

Courtney Marie Keller, Colin Stephen Baker, I. William Spivey, II, Greenberg Traurig, LLP, Orlando, FL, Stephanie Lauren Varela, Greenberg Traurig, LLP, Miami, FL, for Defendant–Appellee.

Before JULIE CARNES, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Ingenuity, Inc. ("Ingenuity") appeals the entry of summary judgment in favor of defendant Conair Corporation ("Conair") on its tortious interference and breach of contract claims and the dismissal of its claims against defendant Linshell Innovations, Ltd. ("Linshell") for failure to

prosecute. After a thorough review of the record and consideration of the parties' briefs, we affirm.

## I.

This case arises out of an alleged breach of an agreement between Ingenuity and Linshell, under which Ingenuity was the exclusive distributor of Linshell's hair accessory known as the Linziclip. Several years into the agreement, Ingenuity approached Conair about providing sub-distribution services. In connection with their negotiations, Ingenuity and Conair executed a confidentiality agreement in June 2006. Their negotiations were fruitless, however, and the two parted ways. Then, in 2008, Linshell decided to find a new distributor for the Linziclip. Linshell negotiated with Conair, and in August 2008 the two companies executed a distribution agreement. The next day, Linshell notified Ingenuity that it would no longer use Ingenuity's distribution services.

Relevant to this appeal, Ingenuity sued Linshell for breach of contract and Conair for tortious interference with contractual and business relations and breach of the confidentiality agreement. Linshell defaulted. Conair moved for summary judgment, and the district court granted Conair's motion, prompting Ingenuity to file a motion for reconsideration, which the district court denied. Ultimately, because Ingenuity failed to pursue a default judgment against Linshell even after the district court ordered it do so, the district court dismissed Ingenuity's claims against Linshell with prejudice for want of prosecution. This appeal followed.

## II.

Ingenuity argues that the district court erred in granting Conair's motion for summary judgment on Ingenuity's tortious interference claims and its claim that Conair breached the confidentiality agreement. It also argues that the district court abused its discretion by dismissing with prejudice its claims against Linshell. We consider these arguments in turn.

### A.

■ We affirm the entry of summary judgment for the reasons given in the district court's well-reasoned order filed on March 25, 2014.[1] In particular, as to Ingenuity's tortious interference with contract claim, we agree that Ingenuity failed to raise a material dispute of fact regarding Conair's intent to interfere with the distribution agreement between Ingenuity and Linshell. Viewing the record in the light most favorable to Ingenuity, Conair knew when it negotiated with Linshell that Linshell at some point had been locked into an exclusive distribution agreement with Ingenuity. But, under Florida law,[2] " '[o]ne does not induce another to commit a breach of contract with a third person ... when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person.' " *Martin Petroleum Corp. v. Amerada Hess Corp.*, 769 So.2d 1105, 1107 (Fla. 4th DCA 2000) (quoting Restatement (Second) of Torts § 766 cmt. n.(1977)); *see Fiberglass Coatings, Inc. v. Interstate Chem., Inc.*, 16 So.3d 836, 838 (Fla. 2d DCA 2009) (quoting

1. We review *de novo* the district court's grant of summary judgment, construing the evidence and all reasonable inferences therefrom in favor of the nonmoving party. *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir.2015).

2. The district court applied Florida substantive law to Ingenuity's claims, and no party challenges that decision. Thus, we too apply Florida law here.

*Martin Petroleum* and noting that Florida follows the Restatement (Second) of Torts § 766 cmt. n); *Fla. Power & Light Co. v. Fleitas,* 488 So.2d 148, 151 (Fla. 3d DCA 1986) ("The law in Florida is clear that there is no such thing as a cause of action for interference with a contractual or advantageous business relationship which is only negligently or consequentially effected." (alterations adopted and internal quotation marks omitted)). Indeed, the uncontradicted evidence shows that Conair was told the agreement was non-exclusive.

Beyond Conair's knowledge of the distribution agreement and attempts to obtain information about the agreement's status from Linshell, Ingenuity has offered nothing but unsupported speculation to bolster its contention that Conair intended to induce a breach. Conclusory allegations and speculation are insufficient to create a genuine issue of material fact. *See Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1181 (11th Cir.2005) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

Likewise, we agree with the district court that, even if Ingenuity could prove the requisite level of intent on the part of Conair, the undisputed evidence in the record establishes that Linshell either believed it was justified in terminating the distribution agreement with Ingenuity or simply did not care. Either way, Ingenuity cannot prevail because Linshell indisputably was predisposed to breach. Under Florida law, a party's "predisposition to breach ... precludes any finding that

[it] was induced to breach by [a third party]." *Farah v. Canada,* 740 So.2d 560, 562 (Fla. 5th DCA 1999); *accord Chi. Title Ins. Co. v. Alday–Donalson Title Co. of Fla.,* 832 So.2d 810, 814 (Fla. 2d DCA 2002). Thus, the district court did not err in dismissing the tortious interference with contract claim.[3]

■ We also find no error in the district court's dismissal of Ingenuity's claim that Conair breached the confidentiality agreement. As the district court correctly observed, "Ingenuity submitted no proof that would indicate that Conair used [confidential] information in a manner contrary to the non-disclosure agreement." Doc. 280 at 14–15.[4] In our independent review of the record, we found no evidence from which a reasonable jury could find that Conair breached the confidentiality agreement. Moreover, Ingenuity does not appeal the separate, independent basis upon which the district court dismissed this claim: that Ingenuity failed to rebut Conair's argument that the record contains no evidence of a causal connection between Conair's alleged breach of the non-disclosure agreement and Ingenuity's purported damages. We could thus affirm on this independent ground for dismissal, which Ingenuity has abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 682 (11th Cir.2014) (affirming because the plaintiffs abandoned any argument about an independent ground for the ruling).

■ We recognize that Ingenuity raised new summary judgment arguments in its motion for reconsideration, which the dis-

---

**3.** "Ingenuity concedes that if the court does not reverse the judgment as to Conair's tortious interference with the [exclusive distribution] contract, Ingenuity could not maintain a claim for the resulting interference with Ingenuity's relationships with its retailers." Appellant's Br. at 3 n. 4. Thus, because we affirm the district court's entry of summary

judgment on the tortious interference with contract claim, we also affirm on Ingenuity's tortious interference with business relations claim.

**4.** "Doc." refers to the docket number on the district court docket.

trict court denied. Although in its initial appellate brief, Ingenuity made passing references to the district court's order denying its motion for reconsideration, Ingenuity failed to argue that the district court erred in denying that motion. Ingenuity thus has abandoned any challenge to the denial of its motion for reconsideration. *See id.*

■ Even if we were to review the denial of its motion for reconsideration, though, we would affirm because the district court acted well within its discretion in denying the motion. In its motion for reconsideration, Ingenuity attempted "to relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment," neither of which is appropriate on a motion for reconsideration. *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005). For example, Ingenuity argued for the first time in its motion for reconsideration that it was not required to prove Conair harbored the specific intent to cause interference with the contract or business relationships, but only that Conair had knowledge that interference was substantially likely to occur. *See* Fla. Std. Jury Instr. (Civil) 408.5 ("Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action."). The district court did not abuse its discretion in rejecting this and other newly-raised or previously litigated arguments.[5]

**B.**

■ We find no error in the district court's dismissal of Ingenuity's claims against Linshell for want of prosecution. We review for an abuse of discretion the district court's dismissal of a case for want of prosecution. *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir.2005). After the entry of summary judgment, Ingenuity declined to pursue a default judgment on its claims against Linshell because it believed doing so would not be "congruent with the [summary judgment] order and findings in favor of Conair." Doc. 291 at 1. The district court then determined that its summary judgment order "on its face [was] not inconsistent with entry of a default judgment in favor of Linshell," Doc. 326 at 3, and on a magistrate judge's recommendation, ordered Ingenuity to file a motion for default judgment within a specified time or face dismissal with prejudice for lack of prosecution. Ingenuity failed to file a motion for default judgment, provided no adequate justification for its failure, and provides no such justification now. Accordingly, the district court did not abuse its discretion in dismissing Ingenuity's claims against Linshell.

**AFFIRMED.**

---

5. The district court nevertheless addressed this argument in its order denying the motion for reconsideration. *See* Doc. 313 at 2 ("Even assuming that Ingenuity were permitted to argue this point on a motion for reconsideration, the argument is not well-taken."). We agree with the district court that Ingenuity failed to explain how the statement of law it belatedly raised conflicts with the court's summary judgment ruling or with a specific intent requirement. In any event, the record does not support Ingenuity's argument that Conair knew interference was substantially certain to occur as a result of its actions.