# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0400
Lower Tribunal No. D21-15242
_____


## K.W., the Mother,
Appellant,

vs.

## Department of Children and Families and Statewide Guardian ad Litem Office,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Cooke Law, P.A., and Stewart M. Cooke, for appellant.

Karla F. Perkins; Sara Elizabeth Goldfarb, Laura J. Lee and Roxanna Patricia Figueroa (Tallahassee), for appellees.


Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

K.W. (the "Mother") appeals a final judgment terminating her parental rights. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the general magistrate lacked authority to conduct the advisory hearing in the proceedings below, we reverse.

## I.

The Department of Children and Family Services ("DCF") filed a termination of parental rights petition against the Mother. The petition sought the termination of the Mother's parental rights as to L.B.W. (the "Child"). On November 1, 2023, a general magistrate held an advisory hearing on the petition for termination of parental rights. The advisory hearing was conducted without a referral order from the trial court. After the Mother failed to appear at the hearing, she filed a motion to set aside the default. The trial court subsequently denied the motion and entered a final judgment terminating the Mother's parental rights. This appeal followed.

## II.

"Because the matter presents a question of law, we review the matter *de novo.*" Dye v. Advantage Venture Partners, Ltd., 869 So. 2d 630, 630 (Fla. 5th DCA 2004).

On appeal, the Mother argues the general magistrate lacked authority to conduct the advisory hearing without a referral order from the trial court.

2

She maintains that because the advisory hearing was conducted without judicial authority, the trial court's reliance on facts from said hearing, including the Mother's failure to appear, renders the final judgment terminating her parental rights void.[1]

In Florida, it is well-settled that a trial court shall have exclusive original jurisdiction over proceedings involving the termination of parental rights. See § 39.801(2), Fla. Stat. ("The circuit court shall have exclusive original jurisdiction of a proceeding involving termination of parental rights."). The trial court, however, has the authority to refer matters to a general magistrate with an appropriate order of referral and the consent of all parties. See Fla. R. Juv. P. 8.257(b)(1) ("No matter shall be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties."). While a parent may object to the referral to a general magistrate by filing a written objection, the failure to do so is considered consent to the referral order. See Fla. R. Juv. P. 8.257(b)(2) ("A written objection to the

---

[1] "The type of jurisdiction at issue in this case is therefore more accurately characterized as 'procedural jurisdiction,' [or] 'case jurisdiction[.]'" Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 283 n.6 (Fla. 3d DCA 2016). "Case jurisdiction refers to a trial court's jurisdiction to act in a case over which it had subject matter jurisdiction." Schmidt v. JJJTB, Inc., 357 So. 3d 208, 211 (Fla. 2d DCA 2023) (quoting Pulte v. New Common Sch. Found., 334 So. 3d 677, 680 (Fla. 2d DCA 2022)). "Our cases dictate that a party cannot waive a challenge to subject matter or case jurisdiction." Id.

referral to a general magistrate must be filed within 10 days of the service of the order of referral.  If the time set for the hearing is less than 10 days after service of the order of referral, the objection must be filed before commencement of the hearing.  Failure to file a written objection within the applicable time period is deemed to be consent to the order of referral.").

Here, the record before us contains no order of referral to which the Mother could have consented or which authorized the general magistrate to conduct the advisory hearing on November 1, 2023.  Without an appropriate order of referral from the trial court, we find the general magistrate lacked authority to conduct the advisory hearing at issue.  See A.T.N. v. Fla. Dep't of Child. & Fam. Servs., 70 So. 3d 634, 636 (Fla. 1st DCA 2011) ("Florida Rule of Juvenile Procedure 8.257(b)(1) provides . . . that 'no matter shall be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties.'  Although failure to file a written objection to an order of referral within ten days constitutes consent to the referral, see Fla. R. Juv. P. 3.257(b)(2), in the present case the record contains no order of referral to which [the mother] could have consented."); Hand v. Kushmer, 695 So. 2d 858, 859 (Fla. 2d DCA 1997) ("In this case, there is no order of referral; therefore, the [appellant] did not have the notice language that a proper referral order would contain advising her of the right

4

to object to the referral order.  Accordingly, it cannot be said that she waived her right to be heard by the court.").  Accordingly, we reverse the final judgment under review and remand for further proceedings consistent with this opinion.[2]

Reversed and remanded for further proceedings.

---

[2] Upon remand, pursuant to Florida Rule of Juvenile Procedure 8.257(b)(1) and section 39.801(2), Florida Statutes, the trial court has discretion to either enter an appropriate order of referral to the general magistrate to conduct a new advisory hearing or conduct its own hearing.  See Fla. R. Juv. P. 8.257(b)(1); § 39.801(2), Fla. Stat.